RUTLAND,
February,
1840.

ELIAS CLEFT *v.* HARRIS HOSFORD AND HENRY J. RUGGLES, PRINCIPAL DEBTORS, AND SIMEON MEARS AND ZEBEDIAH DEWEY, TRUSTEES.

If a writ issue against the *bodies* of the defendants, with a direction to summon their trustees, and it be served on the trustees and then served on the defendants, by arresting their bodies, such writ will abate. A man's body cannot be taken on a *writ on which* his property is attached.

In our practice, it is *title* enough to a plea that it name the parties according to the docket entry.

THIS was an action of debt on a judgment.

The writ issued as an attachment against the bodies or estate of the principal debtors, and as a summons against the trustees.

The principal debtors pleaded in abatement as follows:—

> " Elias Cleft
>                *v.*                    } Rutland County, April term,
> · Hosford & Ruggles.          }       1838.
> Simeon Mears *et al.*, trustees. }

" And the said Hosford & Ruggles, by S. H. Merrill, their " attorney, come and defend, &c., and pray judgment of the " writ aforesaid and say that the same ought to abate, be- " cause they say that the said writ was issued as a writ of at- " tachment as well against the bodies of the said defendants " as against their goods, chattels and estate, and that the " same was served by attaching the bodies of the defendants, " when, by the law of the land, the plaintiff was not enti- " tled to have such writ of attachment against the bodies " of the defendants, nor to arrest their bodies, nor the body " of either of them, on such process, and this the said de- " fendants are ready to verify, wherefore they pray judgment " of the said writ, that it may be quashed and for their " costs.

                              " S. H. MERRILL, *Attorney.*"

The plaintiff demurred specially to said plea, and set down the following causes of demurrer :

1. " It does not appear to what Hosford & Ruggles the " said plea refers, as the said plea does not set forth the " christian names either of the said Hosford or the said Rug- " gles.

RUTLALD,
February,
1840.

Cleft
v.
Hosford et al.

2. " Although it appears, from said plea, that Simeon " Mears *et al.* arc summoned as trustees, yet, it does not ap- " pear who the trustee is, other than said Mears."

The defendant joined in demurrer.

The county court decided that the plea in abatement was sufficient and overruled the demurrer, and the plaintiff excepted to the decision.

· *C. B. Harrington and E. N. Briggs*, for plaintiff.

We contend that this plea in abatement is insufficient, both for the want of form and for the want of substance.

Inasmuch as pleas in abatement tend only to delay the trial of the merits of the action, the greatest accuracy and precision are required in forming them, and the rules of pleading are imperative that a plea of this character must be certain to a certain intent in every particular. 1 Chitty Pl. 238. Gould's Pleading, 85, § 58. Cro. Jac. 82. 3 Saund. 209, b. 8 T. R. 167. 3 T. R. 185–6. 5 T. R. 487. Doug. 159. 2 Henry Blackstone, 530. Willes' R. 554. Lawe's Pleading, 58, 107, 134.

No intendment can be made, nor inference drawn, nor presumption raised, in favor of any dillatory plea. *Pearson* v. *French,* 9 Vt. R. 349. Nor can the court travel out of the plea itself to inspect the writ, with a view to ascertain to what writ the plea has application, or who the parties to the suit are. See 9 Vt. R. *ubi supra.*

1. In the case now before the court, the plea is uncertain upon the ground that it does not appear, from the plea itself, to what Hosford & Ruggles it refers.

2. Although it appears, from the plea, that Simeon Mears *et al.*, were summoned as trustees, yet it does not appear who the trustee or trustees are, other than Mears, nor does it appear whether there was one, or more than one, besides Mears. *Clark et al.* v. *Warner*, 6 Conn. 365.

3. Although it is alleged, in the plea, that the writ issued as a writ of attachment against the bodies of the defendants, yet it is not alleged that the writ did not otherwise issue, which is necessary by the strict rules of pleading.

II. We insist that the writ might, according to law, issue as a writ of attachment, both against the goods, chattels and estate and the bodies of the defendants. By the statute of

RUTLAND,
February,
1840.

Cleft
v.
Hosford et al.

1835, (pamphlet, pages 12 and 13,) a writ of attachment is given against the goods, chattels and estate of the principal debtor, and, by the statute of 1797, (Comp. Stat. 64, sec. 25,) when a writ of attachment is given against the property of the defendants, " for the want thereof," it may issue against the body. We contend, that, in judgment of law, the statute of 1797 has a prospective operation upon the statue of 1835, and gives a writ of attachment against the body as well as against the goods, &c. See 6 Bacon's Ab. 369, B.

III. Should it be conceded that the trustee statutes do not contemplate any writ of attachment, other than against the property of the principal debtor, yet, though it issue against the bodies, we contend that it is no cause of abatement but will operate as a sufficient service and notice, and that the only remedy for the defendants is by *habeas corpus* to release their bodies from imprisonment. *Fletcher* v. *Baxter*, 2 Aik. R. 230.

*S. Foot and E. L. Ormsbee*, for defendants.

The defendants, by the act of 1838, were privileged from arrest. It is a *permanent* privilege. The statute does not authorize the issuing of such a writ, but, on the contrary prohibits it.

*This case is distinguished from the case of Fletcher* v. *Baxter*, 2 Aik. 224, and all cases of merely special or temporary privilege, of which advantage must be taken at the time, on motion or by *habeas corpus*.

The omission of the christian names of the parties in the plea, is no cause of demurrer. The plea has reference to the parties named in the declaration, and can have reference to no other.

The opinion of the court was delivered by

COLLAMER, J.—By our practice, the title to a plea is of very little importance. The identity of the suit, in which the plea is filed, is all which is necessary to be ascertained from its title. It is enough if it follows the docket entry, which this plea did. It is, then, to be read as if it were attached to the writ and declaration, that is, followed them on the record. A large part of our pleas are inserted entirely without title, on the back of the writ. Though no fact can be supplied in the body of the plea, from the writ, yet the

parties are certain, and the words, *the said A. B.* or *the de-* fendants, mean the same named in the writ. This disposes of all the objections to the want of form and certainty in the plea.

A man may be attached by his body or property, but not by both, on the same process. A writ of attachment may run against property or body, but it is in the alternative, and if it should be served on both, it is an abuse of the process and an unlawful service. The trustee process was originally an attachment of a man's debts, or choses in action, and a summons on him. By the statute of 1835, it is provided that the process may issue to attach his other property along with his debts, that is, to take his choses in possession and in action. But the universal distinction was still preserved; his body was not, at the same time, to be taken. In the present case the writ was made to attach his choses in action and to arrest his body, and both were done. This was an illegal and unauthorized writ and service, both in the plaintiff and officer, and must abate.

Judgment affirmed.