A. L. & F. P. DIVOLL *vs.* FRED H. NICHOLS, apt.

May Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, MUNSON, START and THOMPSON, JJ.

*Trustee Process not to Be Combined with Capias.*

It was held in *Cleft* v. *Hosford*, 12 Vt. 296, that under Acts of 1835, No.
12, the original of our present trustee process law, a capias and a trustee
process could not be combined in the same writ, and there has been no
change in the statute to justify a change in the holding; the creditor
must still choose between the property and body of his debtor.

APPEAL from a justice of the peace. Heard on demurrer to
the amended declaration at the December Term, 1897, Wind-
sor County, *Tyler*, J., presiding. Demurrer sustained. The
plaintiff excepted.

The declaration set forth that plaintiffs had brought an
action of assumpsit before a justice of the peace against one
Scott Shepard, filing an affidavit for his arrest as an abscond-
ing debtor and inserting in the writ a trustee summons against
this defendant, Nichols; that the writ was served on Nichols
as trustee and on Shepard by reading and arrest and that
Nichols became his bail upon the writ; that Nichols was
discharged as trustee upon disclosure; that judgment was
duly rendered against Shepard by default and also against
Nichols at the same time as bail; that execution had been
issued against Shepard and returned unsatisfied and that
now the plaintiffs should recover the debt of this defendant
and that he should show cause why they should not have
execution against him. Copies of the record of the proceed-
ings before the justice were made a part of the declaration.

*Fred C. Davis* for the plaintiffs.

*A. M. Albee* and *W. E. Johnson* for the defendant.

Of course, the judgment against Nichols was void. He was
not before the court in any capacity except as trustee. He

could not be held in any event unless the original process was valid and the arrest legal. *Reed* v. *Lane*, 61 Vt. 481, 483; *Davis* v. *Dorr*, 30 Vt. 97; *Blood* v. *Crandall*, 28 Vt. 396; *Aiken* v. *Richardson*, 15 Vt. 500.

A writ issued with the trustee process and served on the trustee, and then served on the defendant by arrest, is illegal and the arrest unlawful. *Cleft* v. *Hosford*, 12 Vt. 296, 298; V. S. 1316, 1317.

Munson, J. The question presented by the demurrer is whether a capias and a trustee summons can be combined in the same process. This question was decided adversely to the plaintiffs' claim in *Cleft* v. *Hosford*, 12 Vt. 296; but counsel insist that that decision should not now be regarded as controlling because of the changes since made in the statute.

Under the earlier statutes the trustee process was an independent writ, available only in the case of concealed or absconding debtors, and seeking collection solely through the debtor's effects in the hands of the trustee. But by No. 12, Acts of 1835, it was provided that this process might issue also as a writ of attachment against the property of the debtor; and by the revision of 1839 the process was made available in all actions founded on contract.

The act of 1835 was the law in force when the writ in *Cleft* v. *Hosford* was issued. That act converted the trustee process into an incidental proceeding in a suit brought to enforce collection directly from the debtor. But the right to take the body of the debtor upon the writ thus authorized was plainly excluded, and the opinion in *Cleft* v. *Hosford* places the decision upon the ground that the statute authorized an attachment of the debtor's property in possession in connection with the trustee process, but not the taking of his body.

The law of 1839 was, as regards the right of attachment, the same in effect as that of 1835. The writ was to issue like other original writs in civil causes, and was to authorize

the attachment of the debtor's estate in his own hands as well as that in the hands of his trustee. In the compilation of 1850, the provision specifying what the writ should authorize, was omitted, and the terms were left general, to the effect that all actions founded on contract might be commenced by trustee process, and that every resident of the state having any effects of the principal debtor in his hands might be summoned as trustee; which provision is in substance the present law.

We have traced the changes of the law upon this subject, and noted the relation of *Cleft* v. *Hosford* to these changes, to see if there is any ground for the plaintiffs' claim that as the law now stands, a creditor should be held entitled to summon the debtor's trustee in a writ issued against his body, and we discover no ground upon which the claim can be sustained. The comprehensive terms of the present law cannot be held to give that right, without violating all rules applicable to the construction of revisions, and attributing to the legislature an intention entirely inconsistent with its general policy. It was remarked in *Cleft* v. *Hosford* that a man may be attached by his body or property, but not by both on the same process, and that the act of 1835, in restricting the right of attachment to the debtor's property, had preserved the universal distinction. It is not likely that the legislature intended, by its subsequent condensations of the law, to wipe out that distinction as to any part of the debtor's estate. The creditor must still choose between the property and the body.

*Judgment affirmed and cause remanded.*