BENJAMIN BOARDMAN *vs.* JOHN BICKFORD and his *Trustees.*

A legal settlement within this state, is not necessary, to constitute one an inhabitant thereof, within the meaning of the act in addition to the act directing the proceedings against the trustees of concealed or absconding debtors, passed Nov. 6, 1817.

But, *Held,* That where a single man, having a usual place of resort, as a home, in New-Hampshire, came into this state under a contract to teach a school for three months, leaving a chest of clothes there, and going once or twice to exchange them, during said term, and then returning at the expiration of said three months, he did not thereby become an inhabitant of this state, within the meaning of the statute.

THIS case came before the Court on a motion by the plaintiff for a new trial, founded on exceptions taken at the trial below, and certified up as follows :---

This was an action of debt on judgment, instituted under the statutes relating to absconding or concealed debtors, in which service was made on ————, as trustees. The defendant, *Bickford,* pleaded, that at the time of the commencement of this suit, he was not an absconding or concealed debtor, within the true intent and meaning of the statutes;---on which issue was joined, and trial by jury. The plaintiff introduced evidence tending to show, that in 1818, the defendant, Bickford, worked at *Canaan,* in this state, as a hired man, from the spring till the fall of that year; that in the winter of 1819--20, he worked a short time as a hired man, in *Maidstone, Vt.*; that in the winter of 1822-3, he was hired to teach a school in Maidstone three

44

*Essex,*
*March,*
1827.

Boardman
*vs.*
·Bickford.

months, and taught there most of the time agreed on, boarding in the district there ; and that in the winter of 1824-5, he was hired and taught a school in *Lunenburgh, Vt.* three months, and that in 1818 and 1819 he did military duty in this state, being enrolled as one of the military company in Canaan, in 1818.

On the part of the defendant, evidence was introduced tending to show, that the father of Bickford, and his family, formerly, for many years, lived in *Northumberland, N. H.* where the defendant had his legal settlement in right of his father ; that about the year 1813-14, his father removed from Northumberland to *Canada,* while the defendant was a minor, and after residing in Canada a few years, went to some place at the southward, where he died in 1818-19 ; that his family was broken up and scattered at his death ; that the defendant, after the removal of his father from Canada, returned to Northumberland, and considered his home to be there ever since, residing chiefly at the house of a Mr. *Merriam,* being the house in which his father formerly lived ; that he was absent, at work and teaching school, as before mentioned, and at other times, several weeks and months in succession, and served 18 months in the army during the last war ; that he spent the residue of his time at Northumberland, where it was generally supposed he belonged, by those who knew him ; that he was relieved by the town of Northumberland through a long sickness, a few years since ; that he kept his clothes at the house of Mr. Merriam, where he was engaged to go and teach the school at Lunenburgh, and where he returned for changes of clothes once or twice while teaching said school ; and that he returned to Northumberland after closing his school at·Lunenburgh.

It appeared that Bickford was unmarried, and had very little property.

The plaintiff requested the court to charge the jury, that if they found that Bickford did work at Canaan through the season of 1818, and did teach school in this state at the times, and for the periods above mentioned, he thereby became an inhabitant of this state, within the meaning of the statute ; and if he had since left the state without an intention to return, he became an absconding or concealed debtor, and the plaintiff was entitled to recover.

But the court charged the jury to the following effect :---That the facts of Bickford having worked at Canaan and taught schools in this state, as aforesaid, would be sufficient, if unexplained, to make him an inhabitant within the meaning of the statute ; but if he had a known home or domicil at Northumberland during the same periods, to which he intended to return, and did return, such acts of temporary service and residence in this state would not make him an inhabitant of this state ; and that if they believed, from the evidence, that at the times of his service and teaching school in this state, he considered Northumberland as the place of his home---that he had his legal settlement there, and that he kept his effects there,

*that* was to be deemed his domicil, or place of residence, though he had no family there, and though his effects might consist merely of his chest or trunk of clothing.

To which directions of the court the plaintiff excepts, &c.---- Exceptions allowed.

The case was argued by *Mattocks*, for the plaintiff, and by *Cushman* for the defendant.

The only question being, whether the principal debtor was an inhabitant of this state or not, within the meaning of the act, it was insisted, for the plaintiff, that he was---that the word *inhabitant* is not technical, and is to be taken and understood in its popular sense----that it is defined in 3 *Jac. L. Dic.* 446, and by approved lexicographers, to mean a *dweller*, one who *lives* or resides in a place :---that inhabitancy is such, whether it be temporary or permanent, for a longer or shorter period, with *animo revertendi* or not :---That a legal settlement in another place makes no difference, for that might never be lost, and one might never be gained here---that the *intention* of the party could not alter the fact of his *residence ;* besides, it might not be expressed, and was always liable to be altered at the pleasure of the party.

For the defendant it was said, That no persons but such as have been *inhabitants* of this state, can be considered as "absent or absconding debtors."

The service of the writ is to be made by leaving a true and attested copy of the process at the last and *usual* place of abode of the principal debtor.

He must, therefore, have had a "usual" or permanent place of residence----he must have had his domicil in this state ; and as his *home* or *"usual" place* of abode, or residence, or domicil, was in the town of Northumberland, in New-Hampshire, it was not changed by a temporay absence for a particular purpose, with an intention of returning.---*Commonwealth* vs. *Walker*, 4 *Mass. R.* 556.---*Abington* vs. *Boston*, 4 *do.* 312.---*Granby* vs. *Amherst*, 7 *do.* 1.---*Cutts et. al.* vs. *Haskins*, 9 *do.* 543.---*Lincoln* vs. *Hapgood et. al.* 11 *do.* 350.

HUTCHINSON, J. delivered the opinion of the Court.

The only question that arises in this case, is, whether the facts presented in the bill of exceptions, entitle the plaintiff to pursue his claim in this state against the defendant, Bickford, and his trustees, under the statutes relating to suits against the trustees of absconding or concealed debtors ? This resolves itself into the question, whether Bickford, when he last resided in this state, was an inhabitant of this state, so that he could be said to remove, when he went from Lunenburgh to Northumberland ?

The Court attach but little importance to the former residences of Bickford in this state. Each was temporary, and was succeeded by after residences in other places, his legal set-

Essex,
March,
1827.

Boardman
vs.
Bickford.

*Essex*,
March,
1827.

Boardman
*vs.*
Bickford.

tlement being all the time in Northumberland ; and he having got back to his former place of residence before he went over to Lunenburgh, and commenced the residence which he last relinquished when he went back to the same residence, which going back is now called an absconding. The first of these statutes has long since received a construction, that the publicly going or moving out of this state was not an absconding, so as to authorize this form of action. Its provisions were afterwards extended by the statute of 1817, which enacts that any inhabitant of this state, who shall remove out of this state, and shall leave any monies, &c. to him belonging, with any inhabitant of this state, such person is declared to be an absconding debtor, within the meaning of the first statute. What is here intended by the expression, an inhabitant of this state ? It cannot mean, that the person should have become legally settled here by his residence; nor can the man who merely passes through the state be called an inhabitant. A man may come into the state to accomplish some special object, leaving his family and concerns behind, and return to them as soon as the object of his coming is completed, and his stay here be so short, that it would be absurd to treat him as an inhabitant, within the statute. Again, a man may come for a temporary purpose, and without his family, and yet tarry here so long, and do so great business, and contract so many debts for and against himself, with the citizens of this state, that, should he go back to his family and leave these affairs unsettled, justice could not be done without treating him as an inhabitant, and suffering the use of this kind of action. It is, therefore, difficult to fix upon any criterion that would be sure to satisfy the mind in all cases that may arise. If a man moves into the state and takes up his residence, with no design of returning, but should in fact move out after a very short residence, there would be no difficulty in deciding him to be an inhabitant while here, for the purposes of the process. But if he comes for a temporary object, with an intention to return, a much longer residence must be required, before there could be a pretence of his being an inhabitant within the statute. If the present case presented the debtor, Bickford, as having gone from Northumberland to Lunenburgh with no intention of returning, our difficulty would be wholly removed. But the case states Merriam's, in Northumberland, to be his home, and that he was there engaged to go to Lunenburgh to teach a school for three months----that, when he went, he left his chest of clothes at Merriam's, and returned once or twice for change of clothes while his school continued ; and, as soon as the school was closed, at the end of the three months for which he engaged, he returned to the same home at Merriam's ; and, for aught that appears, he remains there yet.

Now the going to teach a school for three months, with intention of returning, and returning as the case states, is too short a period to sanction a decision that he thereby became

an inhabitant of this state, within the statute.   We are the better satisfied in arriving at this conclusion, from the circumstance, that the debt in question was not contracted by Bickford in this state, during the three months residence in Lunenburgh.   It was probably a debt previously contracted in New-Hampshire, where both the parties lived when it was contracted, and where they both lived when the present suit was commenced.

The exceptions are overruled, and the judgment of the county court is affirmed.

*Wm. Mattocks,* for the plaintiff.

*Pierson* and *Cushman,* for the defendant.