## JEREMIAH AUSTIN vs. JOSIAH GROUT, trustee of WYATT PALMER.

FRANKLIN,
January,
1829.

One cannot be considered as an absconded or concealed debtor within the meaning of the acts "directing the proceedings against the trustees of concealed or absconding debtors," unless he have been an inhabitant of this state, or has secretly absconded from, or keeps concealed within, it.

This was an action of *general indebitatus assumpsit*, brought by *Jeremiah Austin*, of *Fairfax*, in said county, against *Josiah Grout* of said *Fairfax*, as the trustee of *Wyatt Palmer*.

The defendant, *Palmer*, pleaded in abatement to the plaintiff's writ and declaration, That at the time of the commencement of the action, he was not an absconding or concealed debtor, within the meaning of the statute. Replication,—That the said *Palmer* was an absconding or concealed debtor at the time said action was commenced, within the meaning of the statute. Issue was joined to the court.

It appeared in evidence on trial of the above issue, that said *Wyatt Palmer*, for a number of years previous to the time when the debt in question was contracted, and ever since that time, had constantly resided with his family in the western part of the state of *New York*—that in the year 1814 or 1815, he came to *Fairfax*, in this county to transact some business with a Mr. *Stark*-

*weather*, who resided there, and that he staid in *Fairfax* three or four weeks, and then returned home. He afterwards twice visited *Fairfax* on business, the last time was in the year 1818. At each time he staid a few days only, and then returned back to the place of his residence. There was no evidence that he ever resided in the state of Vermont, or that he ever was in the state excepting as abovementioned, and once in April 1828 to attend to the present suit. In March, 1819, the son of *Wyatt Palmer* came to *Fairfax*, and by virtue of a power of attorney contracted the debt in question. It also appeared, that at the time the said *Wyatt Palmer* first visited *Fairfax* as aforesaid, and ever since that time, he had constantly resided with his family in the state of *New York*, and still resided there. It appeared that the trustee resided in *Fairfax*, in this county ; that the debt was contracted there, and that the trustee had assets in his hands. The action was commenced at April term, 1826.

On this evidence the court decided that the said *Wyatt Palmer*, at the time of the commencement of this suit, was an absconding or concealed debtor, within the meaning of the statute, and that the said writ ought not to abate. To which decision of the court the said *Palmer* excepted, and moved that the question of law arising from the foregoing statement of facts proved on trial, pass to the Supreme Court for their decision thereon.

The general issue was then pleaded to the said action by the said *Palmer*, and issue was joined thereon to the court. On which issue the cause was tried by the court, and judgment was rendered thereon for the plaintiff to recover of the said *Palmer* the sum of $667 22.

The cause having been removed to this court, it now came on to be heard on the questions of law arising from the foregoing facts.

*Argument for the defendant, Palmer.*—1. It does not appear from the case that *Wyatt Palmer* was ever an inhabitant of this state, or that he ever secretly absconded from this state, or has kept concealed within the same, and, therefore, cannot be sued in a trustee action.—*Statutes*, 149 and 156.

2. A person who has been transiently within the state, but has never resided here, is not an absconding or concealed debtor within the meaning of the statute, and cannot be proceeded against in the manner contemplated by the act.—2 *Caines' Rep.* 318.

3. If the act in question be construed to extend to the defendant in this case, it might with equal propriety be construed to extend to a person who was never in the state ; for the mere act of

coming into the state, and departing out of it, in the manner *Pal-*
*mer* did, will not make him an absconding or concealed debtor
within the meaning of the act.

4. Great mischief would result from such a construction of
the act, as is contended for in this case, and, therefore, it is not to
be supposed that the legislature intended it should receive
such a construction.

*Plaintiff's counsel, contra,* contended that the said *Palmer* was
an absconding or concealed debtor within the meaning of the
statute, inasmuch as the debt was contracted in this state, and the
defendant had assets in the hands of the trustee ; and cited *Gris-*
*wold* vs. *Bell,* trustee of *Robinson,* decided in *Chittenden* coun-
ty, January, 1827.

PRENTISS, J. delivered the opinion of the Court.—The
act, directing the proceedings against the trustees of con-
cealed or absconding debtors, declares, that if any person or per-
sons shall have in his or their possession, any money, goods, chat-
tels, rights or credits, of any person who shall have secretly ab-
sconded from this state, or who shall keep concealed within the
same, any creditor may cause such person or persons, having such
money, goods, chattels, rights or credits, to be summoned as trus-
tee or trustees of such absconding or concealed debtor, &c.—
*(Com. Stat. p.* 149. *s.* 1.) By the terms of this act, no pro-
ceeding could be had under it against a debtor, unless he had
*secretly absconded from this state,* or *kept concealed within it.*—

Its provisions, however, are extended by a subsequent act,
which declares, that if any *inhabitant of this state* shall remove
out of this state, and leave any money, goods, chattels, rights or
credits, to him belonging, with any inhabitant of this state, he shall
be deemed an absconding debtor, within the meaning of the pre-
vious act.—*(Comp. Stat. p.* 156. *s.* 1.)

To bring the case before us within the provisions of the law, as
extended by the latter act, it is necessary that *Palmer,* the debt-
or, should have been an *inhabitant* of this state ; and unless, on
the facts stated in the exceptions, he can be so considered, he
cannot be treated as an absconding debtor. An *inhabitant* of
this state is one who dwells or has his home here. *Palmer,* it
appears, had a family, and a fixed and permanent place of resi-
dence, in the state of *New-York.* His home or domicil was there ;
and he never was within this state, except occasionally and for
mere temporary purposes, staying three or four weeks at one
time, and a few days at two other different times, and returning

FRANKLIN,
*January,*
1829.

Austin
*vs.*
Palmer.

FRANKLIN,
January,
1829.

Austin
*vs.*
Palmer.

each time, after having accomplished his business, to his residence in *New-York.* As was observed by lord *Thurlow* in the case of *Bruce* vs. *Bruce,* reported in a note in 2 *Bos.* and *Pull.* 229, a person travelling, or on a visit, or at a place for some time on account of his health or business, does not acquire a domicil. It is very clear, therefore, that as *Palmer* was merely transiently within this state, having no dwelling or home here, he was in no sense an *inhabitant* of this state, and, consequently, cannot be considered an absconding debtor within the meaning of the act.

Judgement reversed, and cause remanded
to the county court for a new trial.

*Allen,* and *Royce* & *Hunt,* for plaintiff.

*Aldis & Davis,* for the defendant, *Palmer.*