WILLIAM BRADLEY *vs.* Town of Richmond, Trustee of
A. B. COOPER.

CHITTENDEN
*January,*
1824.

*An action cannot be maintained against a town as the trustee of an absconding or concealed debtor.*

This was a trustee process, in which the town of Richmond was summoned as the trustee of an absconding or concealed debtor.

The town of Richmond objected that the process would not lie against a town or other political corporation, and moved to dismiss the proceedings.

The court decided that the process could not be sustained, and dismissed the suit.

To this decision, the plaintiff made the exception upon which the cause is here presented for further adjudication.

*Manser for plaintiff.*—1st. Corporations stand on the same ground as individuals in respect to the statute directing proceedings against trustees.

2d. Corporations, as such, can do no act whatever except through the agency of others; but through their agents are subject to the same liabilities as individuals.

3d. Our trustee action is a remedy provided by statute for the creditor, and is intended to prevent the embezzlement of the property of absconded or concealed debtors, and to secure it to respond their just debts.

4th. Our statute is remedial, and should be liberally and beneficially expounded.

*Briggs & Sawyer for defendant.*—Defendant contends, a town is not so liable under the trustee process. The provisions of our trustee act, (Rev. Stat. p. 149) and the mode of trial and proceeding, are wholly inconsistent with such liability.

By sec. 4, the trustees are to appear "at court *in their own proper person or persons,*"—they shall then "be put to answer interrogatories *under oath.*" Now, how can a town appear in court, or take an oath? These requisitions cannot be complied with, by an agent or officer of the town; they involve acts personal in their very nature, and admitting no substitution. The statute contemplates other "ev-

CHITTENDEN,
January,
1834.

Bradley
vs.
Trustee of
Cooper.

idence," it is true; but the uniform construction has been, that the disclosure *must* be received, and other evidence might be received to explain, add to, or contradict it. Indeed, the trustee process is essentially a bill in chancery; and the disclosure, the answer.

Again, in sec. 3, a continuance may be granted, if trustees are "infirm and unable to attend." In such case, commissioners are to be appointed to take testimony "under oath;" and other provisions are to be found of the same character. The very nature and objects of town corporations are remote from the relation of debtor or creditor to individuals. *That* happens *incidentally*, and never to any considerable extent. To subject them to such actions, would be productive of expense and public inconvenience, for which the individual benefit and remedy would not compensate: The legislature might, and probably would think, that manufacturing and banking incorporations, whose business makes them the depositories of property, and debtors and creditors of individuals, ought to be subject to. the trustee act: However this may be, it is totally inapplicable to towns.—16 Mass. Rep. 275, *New-England Marine Insurance Company* vs. *Chandler* is a case in point. 2 Mass. R. 37.

The opinion of the court was pronounced by

COLLAMER, J.—The only question in this case is, Can an action be sustained against a town as trustee of an absconding or concealed debtor? This depends entirely on the construction of our statute. The statute, among other provisions, requires that the trustee shall appear in proper person, and be put on oath, and answer interrogatories; and if infirm, a commissioner is to be appointed to examine him. The trustee is to give notice to the absconding debtor, and is admitted to make defence for him, and the form of the oath prescribed to be administered, is entirely personal—requiring disclosure of effects above "what is due you." All this most clearly implies *personal* privileges and duties, incident only to individuals, and inapplicable to aggregate corporations; nor is it conceivable that the corporation could testify by proxy, or perform these duties by agents. A civil political corporation is especially unfitted

to become a depository, or sustain the character of judiciary trustee. The duties of its officers are fixed by law, and its power to appoint agents confined to its civil affairs.