Orange,
March,
1837.

Emerson & Petrie *v.* Nathan Paine, Trustee of George Petrie.

A person, sued as trustee, may plead in bar that the person, as whose trustee he is sued, is not an absconding or concealed debtor, and a judgment, on such plea, is not open to review.

If a plea in bar is insufficient, or one, which the defendant has no legal right to interpose, it must be met by replication or demurrer. That the county court *received* such plea is no ground of exception or error.

This was an action on the act " directing the proceedings against the trustees of absconding or concealed debtors." The defendant filed a plea in abatement, alleging that the plaintiff, at the time of suing out this writ, also sued out another writ, on the same cause of action, against said George Petrie, (being a writ of attachment,) and that the same was duly served and entered with this writ, in this court, and was still pending. To this there was a demurrer. The county court overruled said plea. The defendant then filed his plea in bar, alleging that said George Petrie, at the time of the suing out and service of this writ, was not an absconding or concealed debtor. The plaintiff moved the court that said plea be not received, nor the plaintiff held to answer thereto; which motion was overruled by the court. The plaintiff then traversed said plea in bar, and, on trial, verdict and judgment were rendered for the defendant. Whereupon, the plaintiff prayed to be allowed his review to the next term, which was objected to by the defendant, and refused by the court. To which decisions of the court, in receiving said plea and refusing said review, the plaintiff excepted, and the cause passed to this Court.

*W. Upham, for plaintiff.*

The first question is, had the trustee, before disclosure and before any judgment that he was trustee, a right to plead in bar, that George Petrie, the principal debtor, was not a concealed or absconding debtor? The principal debtor might have interposed this plea, but we insist the trustee had not the right. He might have interposed the plea for the principal debtor, after having acknowledged that he had effects, and was trustee. He then could have made defence for the principal debtor. The trustee is summoned in, for the sole and only purpose of disclosing, whether or not he has, in his hands, the effects of the principal debtor. The first step he can take, after appearing in court,

is to make his disclosure, and, if it appear that he has nothing in his hands, belonging to the principal debtor, he is dismissed, with his cost, and the suit is ended. If, however, he has effects and is adjudged trustee, he may be permitted to proceed further, and defend for the principal debtor. See statute 152, 183, Sec. 3, 7 Mass. Rep. 28.

The next question is, had the plaintiffs a right to review their case? We maintain that they had. The act of 1807 allowed an appeal in trustee suits, from the county to the supreme courts. Statute 155, Sec. 2. And we think all suits, that were appealable under the old system, are reviewable under the new.

We are aware of the decision, made by this court in the case of *Chittenden* v. *Bishop*, 5 Vt. Rep. 186, but we think this case distinguishable from that. In that case the court adjudged Bishop trustee, and he moved for a review, but the county court denied the right, and he took his exception. On the final hearing in this court, the decision of the court below was affirmed.

In the case at bar, an issue was formed to the jury, and, upon that issue, a verdict was returned for the defendant, Paine. The plaintiffs claimed their review, which was refused by the court.

By the act of 1797, the party had a right to review in all cases, with certain exceptions.

The act of 1824, p. 22, declares, " that either party may once, and no more, review his case to the next term of the county court." Why then had not the plaintiffs in this case a right to review their cause? The language of the act of 1824 is general, and embraces all civil cases, which can be tried by jury. Suppose the principal debtor had appeared and defended the case, upon its merits, and a verdict had been returned against him. Would he have a right to review? We think he would. If, then, we are right in the conclusion that the principal debtor would have a right to review, we see no reason why the trustee had not the same right. But the question is not, as to the right of the trustee to review, but as to the right of the plaintiffs in the trustee process. They, we insist, had a right, and the review should have been allowed.

*L. B. Peck, for defendant.*

I, The trustee had an undoubted right to appear and interpose the plea in bar. The plaintiffs had no right to call on him for a disclosure, unless the principal debtor had absconded, or was concealed, when they commenced their suit. It would be some-

what singular if the trustee could not require them to prove the existence of a fact, which, if disproved, would defeat the action. 2 Swift's Dig. 619. 5 Conn. Rep. 117.. But, if Paine had no right to interpose the plea, the plaintiffs should have demurred. The question could not be raised on a motion to reject the plea.

Orange,
March,
1837

Emerson and
Petrie
v.
Paine.

II. The court did not err in denying the review. This court have decided that the statute, giving the right of review, does not extend to a trustee suit. *Huntington* v. *Bishop,* 5 Vt. Rep. 186.

The opinion of the court was delivered by

COLLAMER, J.—The trustee interposed a plea in bar, that Geo. Petrie was not an absconding or concealed debtor. The county court refused, on motion, summarily, to dismiss this plea, to which the plaintiff excepts, as error. A court may, in pursuance of its own rules of practice, and in some cases, in its judicial discretion, refuse to *receive* a plea, but the refusal so to do, is in the mere exercise of discretion, and such a proceeding cannot be revised upon a writ of error, in the place of which the present proceeding is. By such a course the plaintiff is deprived of no *legal* right. If the plea was such, that, by law, the trustee had no right to interpose it, it should be shown by a replication, if additional matter was necessary, or it should have been demurred to. The plaintiff insists, that the trustee had no right to make this plea in his own behalf, but only in behalf of the principal debtor, after confessing himself trustee. The plea, on its face, purports to be the plea of the trustee, in his own right. If this is unauthorized by law, the plaintiff should have demurred. He would thereby have confessed nothing, as a demurrer only confesses that, which is legally pleaded. The plaintiff has traversed the plea, and, on trial, verdict and judgment were for the defendant. This is conclusive, and there is no error in the proceeding of the court. If the issue was *immaterial,* the correction must be by application for a repleader in the county court.

The court, however, are of opinion, that this was a legal plea. As a general rule, and at common law, a man can have no legal proceedings taken against him in relation to his debts and dealings, except by *his* creditor. This is a right and a privilege of no inferior importance. That a man should be called into court and there subjected to personal examination, upon oath, in rela-

Orange,
*March,*
1837.

Emerson and
Petrie.
*v.*
Paine.

tion to his debts and dealings with third persons,—a proceeding, which even those third persons could not themselve take, especially in a court of law,—is not to be suffered but in case of imperative necessity, and by clear and express law. Our statute provides, " That if any person or persons shall have in his, her or their " possession, any money, goods, chattels, rights or credits of any " person, who shall have secretly absconded from this State, or " who shall keep concealed within the same, any creditor may " cause such person, having such goods, &c. to be summoned as " trustee," &c.

The statute prescribes a form for the process, in which the plaintiff alleges, that the principal debtor is absconded or concealed, and that the trustee has effects, &c. and calls on him to answer, &c. This statute clearly interferes with the common law rights of the trustee, in many important particulars. It subjects him to the process of a stranger, with whom he has no privity. It calls him into court, when his creditor does not desire it. It subjects him to personal disclosure. It enables the court, on that disclosure and other evidence, to give a judgment against him, without the intervention of a jury, and from this judgment there is no review or appeal. *Huntington* v. *Bishop*, 5 Vt. Reports, 186.

It is not to be supposed this was intended to be done, but in a case of real necessity, such as is clearly within the statute. The statute, very clearly, subjects no man to this, but in the case of an absconding or concealed debtor. The right to call on a man, as trustee, even for a disclosure, by the statute clearly depends on the fact, that his creditor has absconded, or is concealed. This is a prerequisite or condition precedent to sustaining the action against any one.

To hold otherwise, would subject every man to the suit and interrogation of any one, who had sufficient curiosity or impertinence to investigate his dealings with his neighbors. It would, in effect, introduce the Massachusetts practice of sustaining this species of proceeding against any man, as the trustee even of his resident neighbors. This we consider, not warranted by our statute, and contrary to the well known will of our legislature, which has been often applied to, to extend the process to such cases, and has uniformly refused. It is said the principal debtor may make this same plea, but his neglecting or refusing does not deprive the trustee of so doing. We consider the Con-

necticut practice, on this point, most consistent and correct under our statute.

Was the plaintiff entitled to review ? This is an *action*, as at common law, against the principal debtor, and as to him, and on all proper issues by him made, or made for him by the trustee, after acknowledging that relationship, according to the statute, either party is entitled to review. As to the trustee, it is a proceeding to hold a debt, or it is the attachment of a debt. This is entirely a proceeding created and wholly regulated by statute. As to the trustee, it is a proceeding collateral and auxiliary to the action against the debtor, rather than an *action* against himself. As to him, there is no review. This was so decided in *Huntington* v. *Bishop*, and that was a plea by the trustee in his own right. This disposes of the case for the defendant and renders it unnecessary to pass on the plea in abatement.

Judgment affirmed.