James Leach *v.* John Cook, Trustee of Wheeler & Swallow.

Rutland,
January,
1838.

Foreign attachment cannot be sustained against a partnership, as absconded or concealed debtors, unless all the members of the firm have absconded or kept concealed.

A plea in abatement in such case, that one of the debtors is not an absconding or concealed debtor, is sufficient.

This was a trustee process.

The trustee pleaded in abatement, " that, at the time of the commencement of this suit, the said Swallow was not an absconding or concealed debtor, within the true intent and meaning of the statute." Demurrer and joinder.

The county court adjudged said plea sufficient, and plaintiff excepted.

*Jonas Clark,* for plaintiff.

*G. W. Harmon,* for defendant.

1. The process of foreign attachment, in this state, is not a common law proceeding, but is prescribed and regulated by statute alone.

2. Therefore, the mode pointed out by statute must be followed strictly ; and a deviation from that mode will not be sanctioned by the Court. *Aldis* v. *Hull,* 1 D. Chip. R. 309.

3. The design of the statute is to afford the creditor a remedy, when his debtor is without the reach of ordinary process ; but when the debtor is openly within the state, the circumstance contemplated by the statute, does not exist. *Austin* v. *Palmer* 2 Vt. R. 491.

4. For, although one of the defendants (they being partners) was an absconding debtor at the time of serving the writ, yet, the other, being within the reach of ordinary process, might have been served therewith.

5. The resident partner has the right to control the partnership effects, and the present is an attempt to wrest from him that right, to the predjudice of other creditors.

The opinion of the court was delivered by

Redfield, J.—This process is given in this state only in the absence of the debtor, and in that respect is similar to the process of foreign attachment by the custom of London, which is allowed in the sheriff's or Lord Mayor's court, after

Rutland,
January,
1838.

Leach
v.
Cook, trustee
of Wheeler &
Swallow.

the return of *nihil* against the principal debtor. This process lies here in three classes of cases, first, when the debtor keeps concealed, second, when he has absconded or removed, third, where he never resided within the state. The same rule obtains in the state of Connecticut; but in Massachusetts and many of the states, the process lies equally, whether the debtor be absent or present. Hence, in those states it is called the trustee process, as indeed, it could not, with any propriety, be called foreign attachment. But the process with us is strictly, as by the custom of London, foreign attachment.

In this case, the principal debtors are partners, and one of them has absconded, the other remaining here in the open, constant control and management of the concerns of the house, at their usual place of transacting business; at least, such is the legal import of the plea in abatement, which is met 'by a demurrer. The process in this case is against the defendants, as absconding or concealed debtors, but the rule of law will be the same, whether the principal debtors are alleged to have absconded, or to keep concealed within the state, or have removed, or never resided within the state.

I have not been able to find any case, where by the custom of London, or by the decisions of the American courts, the process of foreign attachment has been extended to a case like the present.

The principal debtor, in this case, is the partnership. The partnership may be *present* and *act* by its individual members; but it surely involves a physical impossibility, that while it is *present* by one of its members, it should be *absent* by another. A person can neither *abscond, keep concealed* or *be absent* by proxy.

It was intended by the statute, that, while the debtor remained within the state, he should have the control of his *choses in action,* which, after his absconding, removal or where he never resided within the state, or when he kept concealed within it, were intended to be given into the custody of the law. When some of the members, constituting a mercantile house, never resided within the state, but the business of the partnership was here transacted, to sustain a *foreign* attachment against the partnership would involve a very gross absurdity. Yet, the rule which is here adopted, will extend

equally to that case. We find two cases in the fourth of Ohio Reports precisely in point. *Cowdin* v. *Hereford*, 133, and *Taylor* v. *McDonald*, 154. The statute in that state is similar to the statute here and in Connecticut, and the proceeding is denominated, as it is in England, foreign attachment.

We think the plea in abatement was sufficient, and the judgment of the county court, to that effect, is affirmed.