FOR THE

## COUNTY OF WINDSOR,

FEBRUARY TERM, 1844.

---

PRESENT,

HON. CHARLES K. WILLIAMS, CHIEF JUDGE.
HON. STEPHEN ROYCE,  ⎫
HON. MILO L. BENNETT, ⎬ ASSISTANT JUDGES.
HON. WILLIAM HEBARD, ⎭

---

ROSWELL HILL *v.* ADOLPHUS WHITNEY AND ALFRED WHITNEY, and HIRAM WHITNEY, Trustee.

An action, commenced by trustee process under the Revised Statutes, where the cause of action was on a contract entered into previous to Jan. 1, 1839, and the principal debtor, at the time of commencing the suit, is a resident citizen of this state, and not an absent or absconding debtor, or concealed within the state, will be dismissed on motion of the principal debtor.

ASSUMPSIT on a promissory note, dated April 7, 1837, signed by Adolphus Whitney and Alfred Whitney, and which suit was also brought against Hiram Whitney, as trustee of the principal debtors. The writ was dated March 26, 1842.

The principal debtors filed a motion in the county court to dismiss the suit, for the reason that it was commenced by trustee process on a contract made prior to the first day of January, 1839. It was admitted that the principal debtors were resident citizens of

Windsor county, and were not absent or absconding debtors, nor concealed debtors within the state, at the time the suit was commenced. The county court overruled the motion, and rendered judgment for the plaintiff, to which the defendants excepted.

*Tracy & Converse* for defendants.

The trustee process cannot be sustained in any case, except such as is specially provided for by statute. It is unknown to the common law, and is in derogation and contravention of it. The statute should therefore receive a strict construction. *Aldis* v. *Lull,* 1 D. Ch. 309. *Stanley* v. *Ogden,* 2 Root 259. *Boardman* v. *Bickford,* 2 Aik. 345. *Austin* v. *Palmer,* 2 Vt. 489. *Emerson et al.* v. *Petrie,* 9 Vt. 271. *Leach* v. *Cook,* 10 Vt. 239. *Woodbridge* v. *Winthrop,* 1 Root 557.

If the suit can be sustained against the principal debtors without the aid of the statute, why not, for the same reason, against the trustee? No reason or authority can be found for any distinction.

*T. Hutchinson* for plaintiff.

In the argument thus far, in support of the motion to dismiss, we discover nothing but what is removed by dropping the trustee from the action. After that the case between the plaintiff and the defendants is as if the trustee had never been called into court.

The opinion of the court was delivered by

BENNETT, J. This action is predicated upon a note given in 1837, and it stands admitted by the exceptions that the persons sued as principal debtors were resident citizens of this state, and not absent or absconding debtors, nor concealed within the state, at the time the suit was commenced. A motion was filed by the principal debtors to dismiss the suit. It is contended by the plaintiff's counsel that all that should be done is to discharge the trustee, and then let the case proceed between the plaintiff and the principal defendants, the same as if the trustee had never been called into court; while, on the other hand, it is insisted that the whole action should be dismissed. The Revised Statutes, (page 190,) provide that all actions may be commenced by the trustee process, which are founded upon any contract made since the first day of January, 1839, and upon

any contract where the principal defendant has absconded from, or is a resident out of, *this state, or is concealed within the same.* This is a case which does not come within the law, and of course there was no authority to use the *trustee process* in the commencement of the suit.

It is quite apparent, that, to sanction the use of the trustee process in the commencement of a suit, it must be used in case a provided for by the statute; if not, the process is used against law. If this were a new question, we should have no difficulty in disposing of it; but, in effect, we think, it has been settled. In the case of *Austin* v. *Grout, Trustee of Palmer,* 2 Vt. 489, there was a plea in abatement, by the *principal debtor,* that he was not an absconding, or concealed debtor, &c., and replication that he was. Upon the facts reported the court held that it was not a case within the provisions of the trustee law, and sent the case back to the county court, that the issue might be disposed of accordingly.

In *Boardman* v. *Bickford & Tr.,* 2 Aik. 345, the principal defendant pleaded in bar that he was not an absconding or concealed debtor, upon which, it is true, issue was taken; but in the case of *Emerson et al.* v. *Paine & Tr.,* 9 Vt. 271, a like plea was interposed by the trustee himself, and it was expressly held to be a good bar of the action. In *Stanley* v. *Ogden,* 2 Root 259, which was a *scire facias* against the trustee, it was even held that he might plead in bar that the original action against the principal debtors was founded *in tort,* and not a proper case for the trustee process.

In the case of *Bradley* v. *Cooper,* and the *Town of Richmond,* his trustee, 6 Vt. 121, upon the motion of the trustee the whole suit was dismissed, upon the ground that the trustee process would not lie against the town, as trustee of an absconding or concealed debtor. If the motion to dismiss had been made by the principal debtor, certainly it should have been received with as much favor.

We think, then, as this trustee suit was brought in a case not warranted by the statute, the principal defendants have a right to insist that the action shall be dismissed.

The judgment of the county court is reversed, and judgment rendered that the plaintiff's suit be dismissed.