DANIEL W. FERRIS BY GUARDIAN v. GEORGE W. FERRIS
AND TRUSTEE.

*Trespass.    Trustee Process.    Motion to Dismiss.*

A suit for *trespass* cannot be sustained as a *trustee process*, for the cause of action against the principal defendant does not arise *ex contractu*.

And as no authority exists for using the trustee process in the commencement of the suit, it cannot be continued against the principal defendant, by discontinuing the proceedings against the trustee.

When the question involves the jurisdiction of the court over the subject matter of the suit, and the ground of objection appearing on the face of the record, the plea in abatement may be treated as a motion to dismiss.

This was an action of

TRESPASS, in which W. H. Mosher was summoned as trustee. The defendant plead in abatement, " that the writ was issued as a " writ of attachment, in an action of trespass, and not on contract " express or implied, as well against the body of the defendant, as " against his goods, chattels or estate; and that the same was " served by attaching the body of the defendant, when, by the law " of the land, the plaintiff was not entitled to have such a trustee " writ of attachment against the body of the defendant, nor to at- " tach or arrest the body of the defendant on such process," &c. To this plea the plaintiff demurred.

The County Court, August Term, 1852,—PECK, J., presiding, —decided *pro forma*, that the writ abate, and that the cause be dismissed.   Exceptions by plaintiff.

*H. R. Beardsley* for plaintiff.

1. The issuing of a writ in trespass, as well against the goods and chattels as the body of defendant, is both legal and in proper form, and service by arresting the body of defendant is legal service.

That there was any other service, the plea does not alledge, or that any service was made on the trustee.

If defendant intended to raise the question by his plea, whether the plaintiff, in such action, could arrest the body of the defendant, and at the same time, make service on a supposed trustee, he has wholly failed, for the plea does not alledge any such service.

The question then is, whether, if in a writ of trespass, the plain-

Ferris *v.* Ferris and Trustee.

tiff also inserts a summons to a supposed trustee, it is a ground of abatement, without any service upon such trustee.

The writ and summons to the trustee, are, in effect, distinct processes. The trustee may be dismissed or discharged at any time, and it will not affect the proceedings against defendant. Hence, we believe the insertion of a summons in a writ, does not affect the writ, and is no cause of abatement, upon a plea interposed by defendant.

2. If a party, in a writ of trespass, has no right to summon a trustee, and such summons issue, and be served, the trustee might perhaps plead it in abatement.

3. If the summons is not authorized by law, its insertion in the writ is a mere nullity, and service on the trustee binds neither the trustee or property in his hands.· The trustee is not bound to appear, and if he does appear, will be dismissed, but it cannot prejudice the writ, or action against the defendant.

*G. Harrington* for defendant.

1. By recent statutes, extending the trustee process in this State, great scope is given to the creditor, for reaching his debtor's property in possession, as well as choses in action; and this principle in our trustee process, is a positive reason why it should not be used for breaking down that fundamental principle in our attachment system, that the debtor shall not be subjected to have *his body and property both taken upon the same process*. *Cleft* v. *Hosford et al.,* 12 Vt. 296.

2. This being an action of *trespass*, it cannot be the foundation of a trustee process, and when used for that purpose, the whole process is *void, as an abuse of legal process;* and in that view, the plea may be treated as a motion to dismiss.

3. The plea is every way sustained as such, by the case of *Cleft Hosford et al.;* and if the plea might have been subject to *special* demurrer, the demurrer in this case being *general*, the plea must be good. *Onion* v. *Clark et al.,* 18 Vt. 363.

The opinion of the court was delivered by

IsHAM, J. The present trustee act, Comp. Stat. 256, provides, that upon all contracts, express or implied, made since the first day of January, 1839, and upon all contracts where the principal de-

fendant has absconded from, or is resident out of this State, or is concealed within it, a suit may be commenced thereon by a trustee process. This mode of relief is unknown at common law. The remedy itself, the form of the process, and mode of procedure, are given and prescribed by statute, and when adopted, its provisions are to be strictly pursued, and unless the case is expressly provided for by the act, it cannot be sustained. These principles are illustrated and confirmed by the case of *Park et al.* v. *Trustees of Williams*, 14 Vt. 213.

It is evident, therefore, that this suit cannot be sustained as a trustee process, for the cause of action against the principal defendand does not arise *ex contractu.* It is only in cases of that character, that this process is given by statute. And indeed, it has not been contended in argument before us, that as a trustee process it can be sustained. It is insisted, however, that the writ and declaration are good, in form and substance, in trespass against the principal defendant, and that as against him, the suit can be sustained by discharging the trustee, or striking that part of the writ from the record, and proceed thereon against the principal defendant, as upon a common law process, the same as if no trustees had ever been summoned. It is obviously true, that if the trustees were discharged, and that part of the process struck from the record, there would still remain a legal process and declaration, in form at least, against the principal defendant; and whether we can so treat this process, is the question before us. It is equally evident, that as the case now stands, the principal defendant has a full and substantial defense to the action. The court has no jurisdiction of the case. The subject matter of this suit cannot be prosecuted in this form of action, under the provisions of this statute. There is, therefore, a manifest impropriety in principle, in so changing the action,however trifling the alteration may be that effects it, as to authorize a recovery upon a subject matter that could not be the subject of investigation in the original process. The case of *Hill* v. *Whitney et al. and Trustees*, 16 Vt. 461, is analogous to this, and the principles there decided must exert a controlling influence in the decision of this case. The suit in that case was commenced by a trustee process under the Revised Statutes, upon a cause of action that occurred before the first of January, 1839. The subject matter of that suit, therefore, like this, was not within the trustee act, and

though it arose *ex contractu,* a trustee process could not be sustained thereon, and on motion of the principal defendant, the case was dismissed. It was urged in that case, with the same propriety and force of reason as in this, that there was a good process against the principal defendant, and that the suit might be continued against him, by dropping the trustee, and discontinuing the proceedings against him; but it was held otherwise, and that as the suit was not within the law, it was an abuse of the process, and no authority existed to use it in the commencement of the suit. For these reasons, that alteration of the process was not allowed, and the suit was dismissed. The same doctrine is held in *Bradley* v. *Cooper,* 6 Vt. 121; *Emerson* v. *Paine and Tr.,* 9 Vt. 271; and *Austin* v. *Grout and Tr.,* 2 Vt. 489. These authorities are decisive that this action cannot be sustained, and that it cannot be rendered available, by discontinuing the proceedings against the trustee.

The question arises upon a demurrer to the plea in abatement, and it is insisted, that the plea is defective as such in form—without deciding any questions of that character, which have been raised in the case; the plea is unquestionably good, as a motion to dismiss; and as the question involves the jurisdiction of the court over the subject matter of the suit, and the ground of objection appearing on the face of the record, the question is properly presented in that form.

The result is, that the judgment of the County Court, dismissing the suit, must be affirmed.