DANIEL TARBELL *v.* JOHN BRADLEY.

*Trespass on the case.    Trustee process.    Practice.*

An action of trespass on the case, not founded on contract, cannot be commenced by the trustee process. If so commenced, it will on motion be dismissed. Such motion need not be made at the first term, but will be equally available at any subsequent term.

TRESPASS ON THE CASE for maliciously praying out a writ of attachment with an *ad damnum* of twelve thousand dollars, a command to attach and an actual attachment of the plaintiff's property to that amount, for the purpose of securing and collecting a note for only about two thousand dollars, with an intent to break up the plaintiff's business, destroy his credit, &c. By the plaintiff's writ which was served on the 3d of January, 1853, and made returnable at the May Term, following, certain persons were summoned as the trustees of the defendant. At the May Term, 1854, the persons summoned as trustees were discharged on motion of the defendant. At the December Term, 1854,—UNDERWOOD,

J., presiding,—the defendant moved to dismiss the suit on account of its having been commenced by the trustee process. The court sustained the motion, and dismissed the suit, to which the plaintiff excepted.

*B. B Stiles* and *J. S. Marcy*, for the plaintiff, insisted that the motion was too late, &c.

*Converse & Barrett* for the defendant, cited *Hill* v. *Whitney et al.*, 16 Vt. 461. *Austin* v. *Grout*, 2 Vt. 489. *Boardman* v. *Bickford*, 2 Aik. 345, *Stanly* v. *Ogden*, 2 Root 259. *Bradley* v. *Tr. of Cooper* 6 Vt. 121. *Ferris* v. *Ferris & Tr.*, 25 Vt. 100.

The opinion of the court was delivered by

BENNETT, J.   We think the judgment of the county court should be affirmed. The cases in 16 Vt. 461, and 25 Vt. 100, referred to in the defendant's brief, are decisive of this, and the reasons assigned for the decision in those cases need not be again repeated.

Judgment affirmed.