OCTAVE BLOUIN *v.* W. B. GREEN AND RICHFORD SAVINGS BANK &
TRUST COMPANY, TRUSTEE.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed July 16, 1917.

*Practice Act—Action of Tort—Trustee Process.*

Under the Practice Act (No. 90, Acts 1915), an action of tort cannot be
    commenced by trustee process, and, if so brought, cannot be sus-
    tained against the principal defendant by discharging the trustee
    or striking out the trustee clause; such a proceeding being with-
    out authority and giving the court no jurisdiction.

TORT. Plea, the general issue with notice of special matter
in set-off. Trial by jury in the city court for the City of St.
Albans, *N. N. Post,* Judge. Verdict for plaintiff. Defendant
excepted. The opinion states the case.

*F. L. Webster* for the defendant.

*McFeeters & McFeeters* for the plaintiff.

MUNSON, C. J. The plaintiff has declared in tort for in-
juries to his automobile. The writ issued as a trustee process,
and was served "in the usual way" on both principal defendant
and trustee. The defendant pleaded the general issue with no-
tice of matter in set-off. Before trial, and while the jury was being
empaneled, the trustee appeared, made disclosure of no funds
and was discharged. It was agreed that the defendant might
withdraw the notice given with his plea. After the jury was
empaneled and sworn, and before any evidence was introduced,
the defendant filed a motion to dismiss the writ, which assigned
for causes that the writ was issued and served as a trustee proc-
ess and was void, and that the court had no jurisdiction of the
process or the cause of action. Upon the filing of this motion,
the plaintiff asked leave to dismiss the action as to the trustee;
whereupon the court overruled the defendant's motion to dis-
miss the writ, and permitted the plaintiff to dismiss the action as
to the trustee, and allowed the defendant an exception to each
ruling. A trial by jury was then had, with verdict and judg-
ment for the plaintiff.

If not affected by recent legislation, the law governing this case is well settled. An action of tort cannot be commenced by trustee process; and if so brought, it cannot be sustained against the principal defendant by discharging the trustee, or striking out the trustee clause. Such a proceeding is without authority, and gives the court no jurisdiction. *Ferris* v. *Ferris,* 25 Vt. 100; *Hill* v. *Whitney,* 16 Vt. 461.

The plaintiff contends that the case is governed by No. 90, Acts of 1915, known as the Practice Act. Special attention is called to section 3 of the act, as construed and amplified in County Court Rule 10. This section provides that: "No pleading shall fail for want of form, but shall be amended in matters of form at any stage of the proceedings if the fault is pointed out." The rule referred to contains this provision: "The misdescription of a form of action in a complaint, or the bringing of an action in the wrong form, shall not vitiate the complaint nor be fatal to the right of action; and the provisions of section 3 of said act shall apply to such fault." It is provided further in section 4 of the act that: "Pleadings may be amended in matters of substance at any stage of the proceedings under the direction and in the discretion of the court * * *." These provisions seem to sustain the plaintiff's position, unless the question is still to be regarded as jurisdictional.

The right to proceed by trustee process depends solely upon the statute, and P. S. 1657, the section giving the right, does not authorize it in actions of tort. But in cases where the right is given, the process is merely an incidental proceeding in a suit brought to enforce collection directly from the debtor. *Divoll* v. *Nichols,* 70 Vt. 537, 41 Atl. 972. It was urged in the cases above cited that a writ and declaration in trespass, containing the trustee clause, were good in form and substance as against the principal defendant, and could be sustained by discharging the trustee and proceeding against the defendant as upon a common law process. The court conceded that if the trustee were discharged, and the trustee clause struck from the record, there would still remain a legal process and declaration, in form at least, against the principal defendant; but considered that it was prevented from so treating them by the fact that there was no authority in law for commencing the suit in that manner.

If we adhere to the views expressed in the cases above cited, we cannot sustain the plaintiff's position without holding that

the Practice Act and the rule of court relied upon have disposed of the jurisdictional objection. In other words, it will be necessary to hold that these provisions authorize an amendment that will so change the process as to make valid that which in its inception was void. We do not think such an amendment comes within the purpose of the act. Both the sections relied upon relate to the amendment of defective pleadings, and the defect. here is one of process and not of pleading. We find nothing in the act which contemplates the authorization of a court to amend itself into a jurisdiction which it did not have of the suit as brought. But if the act were held to authorize a rule giving this power, there has been no attempt to exercise the authority. The rule in question provides merely that the bringing of an action in the wrong form shall not vitiate the complaint, but shall be deemed a defect of form and subject to the provisions of section 3 of the act. It manifestly relates to questions of pleading and not of process. Thus, if a plaintiff's right of action calls for a complaint in contract and he declares in tort, the court may permit an amendment to cure the defect; but such an amendment in no way involves the question of jurisdiction.

The process in this case issued without authority of law and so was void from the beginning; and the court, being without process, was without jurisdiction. It follows that it was powerless to allow an amendment, and that it should have sustained the motion to dismiss.

*Judgment reversed, and complaint dismissed, with costs to defendant.*