WASHINGTON
March,
1834.

WM. TUBBS *vs.* NATHANIEL RICHARDSON.

1. A destruction of a personal chattel by one tenant in common is a conversion for which the other may maintain an action of trover.

2. A and B are tenants in common of a quantity of wool in the possession of A, who sells a part and retains the rest, claiming the whole as his own, and refusing to deliver any portion to B on demand. Held, That this is no such conversion of the property by A as to enable B to sustain an action of trover against him.

This was an action of trover for a quantity of wool. Plea not guilty.

The plaintiff produced evidence tending to prove that one Nathaniel Bosworth, for a period ending March, 1833, was tenant to the defendant, carrying on a farm stocked by him in Northfield. That among that stock were thirty-two sheep. In February, 1833, Bosworth and defendant having some difficulty in relation to sheep and other stock, settled it by agreeing that the growth and increase of the stock on the farm should be equally divided between them, each to own one half of the wool on the old stock of sheep, and defendant to pay Bosworth twenty-four dollars. They immediately proceeded to divide the increase of said stock on the farm having the thirty-two sheep not divided. This was in February, 1833, and Bosworth remained on the farm till March following. While there, he sold his part of the wool to the plaintiff, of which defendant had notice and informed his tenant, Huntington, whom he put on to the farm in March, not to let plaintiff shear the sheep or take any part of the wool, claiming it as his own; that the sheep were sheared by said Huntington, in June, 1833, they remaining on the farm. There was about sixty-eight pounds of the wool, twenty-eight pounds of which the defendant disposed of to said Huntington and carried the rest to his own house; after which the plaintiff demanded half of said wool of the defendant, who refused to deliver the same on the ground that it was exclusively his own.

The counsel for the defendant, among other things, requested the court to charge the jury, that if the plaintiff was tenant ι common with defendant of this wool, yet he could not maintain this action as a tenant in common of personal property, is not guilty of a conversion by selling the property as his own or refusing to deliver it on demand, or anything short of a destruction of the property.

The court charged the jury, that if they believed the plaintiff's testimony in relation to the contract on which the defend-.

Washington,
March,
1834.

Tubbs
vs.
Richardson.

ant and Bosworth closed their affairs, they would find them tenants in common of the wool on said thirty sheep, which interest of said Bosworth he might sell and convey, and if the jury believed from the testimony that Bosworth did sell his interest in said wool to the plaintiff, they will consider him tenant in common thereof with the defendant ; and if the jury believe that the defendant disposed of a part of said wool, as his own, and on demand refused to give up any part thereof to the plaintiff, retaining the same as exclusively his own, they would consider the same as a conversion by the defendant and find a verdict for the plaintiff for the value of one half of said wool. To which charge the defendant excepted.

A verdict passed for the plaintiff and the cause comes here upon the exceptions which were allowed and certified.

*J. L. Buck for plaintiff.*—1. It will appear by the exceptions in this case that the plaintiff purchased one half the wool on thirty-two sheep of one Bosworth, who owned one half and the defendant owned the other half, which made plaintiff and defendant tenants in common of said wool. That by the sale the plaintiff acquired the same interest that Bosworth had, cannot be denied.—Vide 1 Day 301.—12 East. 614.—1 Campbell 459.

2. The destruction of a personal chattel which is indivisible, by one tenant in common, is a conversion for which trover may be maintained.—Vide 3 Stark. Ev. 1495-6.—*Burnardston* vs. *Chapman & Smith*, cited 4 East. 121.—2 John. Rep. 468.

3. A sale by one tenant in common of the whole of a personal chattel, or any other act done contrary to the nature of the tenancy, and when the article is divisible is a conversion which will support this . . . . . . vs. *Law*, 4 Vt. Rep. 161.—*Wilson et al.* vs. *Reed*, 3 John. Rep. 175.—*Vickery* vs. *Taft*, 1 Chip. Rep. 241.—3 Stark. Ev. 1495, note, case there cited.—*Cowan* vs. *Burges*, Cooke's Rep. 53.

4. Such a sale as will prevent his co-tenant from ever possessing it, is a destruction of co-tenant's interest, and is a conversion.

If the plaintiff acquired any interest in the wool, it was that of a tenant in common with the defendant ; and the sale of *part* of the wool, and the denial of plaintiff's right, was not a conversion.—C. Litt. s. 323.—Com. Dig. E. K. 8.—Chitt.

WASHINGTON, March, 1834.

Tubbs
vs.
Rchardson.

Plead. 523.—1 East. 363-8, 4 id. 110.—1 Taunt. 241.—1 T. R. 658.—1 Day, 301.—2 John. Rep. 468, 15 id. 179.—7 Conn. Rep. 95.—Cowp. 450.

*Miller and Smith & Peck, contra.*

The opinion of the court was pronounced by

MATTOCKS, J.—From the exceptions in the case two questions arise. 1st, Whether the wool sued for was the property of the plaintiff? If it was, has there been a conversion by the defendant? We will consider the second question, first assuming that Bosworth owned one half of the unsheared wool, and sold it to the plaintiff. Then the plaintiff and defendant were tenants in common of the whole, before and after it was clipped.

Then were the acts done by the defendant, to wit, shearing the whole, selling 28 out of 68 lbs., carrying the balance to his own house, refusing, on demand, to deliver any part of it to plaintiff, and claiming the whole as his own, a conversion in law. The general rule as laid down by Coke Lit. 200.— *Brown* vs. *Heddes,* 1 Salkeld 289.—In *Fox* vs. *Hamby,* 2 Cowper 140, and in *Holliday* vs. *Camel & White,* 1 T. R. 658, that an action of trover will not lie in favor of one tenant in common against another; and in none of these authorities save Coke Lit. is the proposition qualified by an exception of where there has been a destruction of the property by the defendant: But there are numerous modern authorities that say a destruction of the property is a conversion. Of this therefore there is no doubt. But the enquiry now is, what other acts, if any beside the destruction of property, will be evidence of the conversion. The authorities cited and relied upon by the plaintiff, will be . . . . . . —3 Starkie 1496, and notes,—the text says that when an action is brought by one tenant in common of an indivisible chattel, against another tenant in common, it is not sufficient to shew that the defendant took forcible possession of the chattel and carried it away, or that he changed the form of the chattel by applying it to the use for which it was not intended. But if the defendant, being tenant in common, destroy the chattel, it is a conversion, and trespass or trover will lie; and with one example to illustrate the principle, this is all that is said in the notes. Buller N. P. 35 is cited, which is, that when the possession of a tenant in common be-

comes tortious, the co-tenant may maintain trover.  On exam-
ining Buller, the authority there quoted is 2d Salk. M. S. S.
and is this, " That if A be tenant in fee of one fourth part of
an estate, and B be tenant in common with him of the other
three parts, for a term of years, without impeachment of
waste—if A cut down any trees, and B take them away, A
may maintain trover—for though B, being not chargeable of
waste, might cut down what trees he would, yet trees hav-
ing an inheritable property, and he having no interest in the
inheritance, cannot take them when felled by him who has the
inheritance, and consequently his possession being tortious,
cannot be said to be the possession of the other.  Also *Heath*
vs. *Hubbard*, 4 East. 110, where the court intimated an opin-
ion, that the mere sale of the whole chattel by a co-tenant in
common would not amount to a conversion.  But in *Barbow*
vs. *Williams* 5. B. and A. 395, great doubts seem to have
been entertained upon the question, whether the sale of the
whole by a mere tenant in common, would not amount to a
conversion; and Abbot C. J. and Bayley. J. seem to have
been of the opinion, that it would ; and in *Wilson et al.* vs.
*Reed*, 3 Johns., 174, it was decided that if one tenant in com-
mon of a chattel sell it, an action of trover will lie against him
by his co-tenant.  In *Cowan* vs. *Burges*, Cooke's R. 53, it was
held that if one tenant in common does acts inconsistent with
the nature of the co-tenancy, and which in the common course
of things will destroy the other's interest in the property, the
latter may maintain trover against the former.  See also the
observation of Chipman C. J. in *Vickery* vs. *Tafts*, 1 Chip.
R. 542.  So much of the law on this subject is collected by
Starkie and his American editor, Metcalf.

In the case from Chip. R. it was decided that the parties
were not tenants in common of the boards there in question
and therefore the question now before us was not decided ; but
the chief justice intimates an opinion upon two supposed cases,
first, when goods owned in partnership were intended for sale,
which one partner may lawfully sell, the other, where per-
sonal property is kept by partners for profit in the use only,
as machinery in a factory, which for one to sell would be a
tort.  Neither of these cases is like the one at bar.  In the
case of *Ladd* vs. *Hill*, 4 Vt. R. 164, it was decided that the
destruction by one, of a note owned by two, was a conversion,
and also that it was a conversion in a creditor to a            d

Washington,
March,
1834.

Tubbs
vs.
Richardson.

sell a yoke of oxen owned by two as tenants in common on a demand against one. It is believed these are all the cases cited by plaintiff, and are probably the most in his favor that are to be found, and from them it seems that the most they shew as to a sale being a conversion, is that until lately at least, strong doubts have existed, whether the sale of the whole chattel, owned in common by one tenant is a conversion; but that the weight of authorities now is, that it is. But no intimation has been thrown out by any judge or elementary writer, that the sale of less than the whole is such conversion. Then as it respects a tortious possession, the case itself in Buller's N. P. shews it entirely unlike this or any common sale. Indeed there was no sale, but the tenant who cut the trees, and the tenant for a term of years, who neither owned the soil nor the trees took them away, and although he might have cut without impeachment of waste, yet that could give him no right in common to the several trees, with him who owned an undivided portion of the land in fee. As to the case from Coke's R. we have not the case, but it is easy to see that what " will in the common course of things destroy the other's interest in the property," may be considered as tantamount to a destruction of the property. A case or two will be noticed, which have been cited for the defendant. *Fellows* vs. *Ld. Greenville*, 1 Taunt. 241, was, that plaintiff and defendant became tenants in common of a whale at sea; the defendant extracted the oil and other valuable matter from the whole whale, but rendered no part to plaintiff. The court decided that trover would not lie, and Mansfield, J. says, that it is admitted that the taking by the defendant and his refusal to deliver, is no conversion in a tenant in common and gives no right of action, that the parties were tenants in common of the oil as before of the whale; and Chambers, Just. says, there are cases which establish, that one tenant in common cannot recover in trover without first proving a destruction of the property or something equivalent to it; and again, that there are many older cases than those that have been cited, but there are none in which an action has been maintained without proof of a destruction. In Oviatt vs. *Sage*, 7 Conn. R. 95, it was decided, 1st, that the sale of one tenant in common of his interest, makes the purchaser and the other, tenants in common of the whole, and 2d, that nothing done by one tenant in common of a chattel, short of destruction of it, will render him liable to his co-tenant, and Judge Dagget says, this is familiar law; and

WASHINGTON,
*March,*
1834.

Tubbs
*vs.*
Richardson.

Swift's Dig. 170, is to the same effect. Upon principle it would seem to depend upon the kind of property and the use that the parties intend to make of it, whether a sale of the whole by one party would be lawful or not, independent of partners in trade. Take the case of two farmers owning a flock of sheep in common, when the wool was sheared, as there is no law to compel a partition or division where they do not agree, and its quantity as well as quality is to be regarded, it might be reasonable to hold it no tort if one sold the whole, and made himself accountable to his co-tenant, in account or money had and received. In the case of tenants in common of a horse or other indivisible property, still greater difficulties might occur where one wished to keep and the other to sell. Yet there may be greater inconveniencies to hold to the contrary; and we should probably yield to the late authorities on this point; but to go farther without authority or any stronger reason of sound policy than has yet appeared, would not be proper. Applying these principles to the facts in the case, there is no evidence of destruction; for ought appears the whole of the wool yet remains wool; selling a part and carrying the remainder to defendant's house was no destruction of it. There was no sale save of 28 lbs. which was less than half, and all the cases of sale go expressly on the ground of the sale of the whole, and there is no pretence that the defendant's possession was tortious, as the whole sheep were the defendant's property, were in his possession and sheared by his tenant, and the not delivering the wool on demand and claiming it as his own, is no where called a conversion.

Judge Swift (Dig. Vol. 1st. 170,) says, either may sell his share or part of such chattel, and the purchaser would be tenant in common with the others. One cannot sell the whole, and if he should attempt to do it the others might affirm the sale, and demand their proportion of the money or dissent to it and become tenant in common of the chattel with the purchaser. The defendant has therefore not in law been guilty of a conversion of the property in question. It is a very inconvenient mode of owning personal property, to be tenants in common, but this by our law comes by purchase and not by descent, and the parties must be content with what remedies the law has provided, however inadequate those may appear to be. As the decision upon this point probably puts an end to the case, it is of no importance to decide the other.

Judgment of county court is reversed.