TRUMAN HURD *v.* WILLIAM DARLING AND ELIAKIM AMEDON.

H. leased his farm and stock to D. for two years, for which D. was to deliver to H. on said farm *one half of all the crops,* except those fed to the stock,— the produce to be divided by weight and measure; and, before any delivery of the produce to H., D., together with A., carried away the produce, and it was consumed for their benefit;—*Held,* that such contract did not vest the ownership of the crops in H. without delivery, so as to enable him to maintain either trespass or case against D. and A. for such taking and conversion.

TRESPASS ON THE CASE, with a count in trover, for twenty tons of hay and five hundred bundles of oats. Plea, the general issue, and trial by the jury.

On trial the plaintiff gave in evidence a written agreement, signed by himself and the defendant Darling, but not sealed, by which the plaintiff leased to Darling certain premises and stock for the term of two years from the first day of April, 1838, and by which Darling

agreed, among other things, to deliver to the plaintiff one half of all the crops, except that fed to the stock, the produce to be divided by weight and measure.    Also evidence tending to prove that Darling commenced occupying the premises under the lease, and cut on them the hay and oats in question in 1839; that, some difficulty having arisen in September or October, 1839, between the plaintiff and Darling, the plaintiff, in the absence of Darling, drove off the cows, which were leased with the farm, and kept them elsewhere for a few weeks; that he then drove said cows back to the premises, and requested Darling to take care of them in pursuance of the contract; that Darling refused to do so, or to have any thing further to do with the stock, and the plaintiff procured one Baker to take care of the cows and other stock for him on the premises; and that there was not then sufficient hay and forage on the premises to keep the stock through the winter, to the time when the lease would expire.

The plaintiff also proved, that, in the month of December, while Baker was taking care of the stock for him, the defendants removed nearly all the hay and forage then on the premises, and that the same was taken by them to the barn of Amedon, where it was all consumed for the benefit of the defendants prior to the commencement of this action.   The plaintiff also introduced testimony tending to prove that Darling was insolvent, and that Amedon was knowing to the contract between the plaintiff and Darling, and to the transactions between them, as above stated.

It appeared from the testimony that the plaintiff kept the cows, driven off by him, until they had ceased to give milk, and that Darling demanded them of him before he returned them.   It further appeared that Amedon, before the removal of the hay and oats, had purchased the same of Darling, and had paid him therefor a fair price.

The court charged the jury, that, if they found these facts to be true, the plaintiff was not entitled to recover.   Verdict for defendants.   Exceptions by plaintiff.

*A. L. Miner* for plaintiff.

1. Hurd was the absolute owner of so much of the hay as was necessary to keep the stock on the place through the winter; that

amount was not, by the contract, to be divided between them ; and the case shows that there was not sufficient for that purpose. The defendants, then, having appropriated it to their own use, are clearly *tort feasors. Swift* v. *Mosely,* 10 Vt. 208. *Bigelow* v. *Huntley,* 8 Vt. 151.

2. After Darling had refused to take care of the stock, the plaintiff had unquestionably a right to enter and use the hay, which was appropriated for that purpose, as he did. *Farrant* v. *Thompson,* 7 E. C. L. 272. A party entitled to a temporary possession may maintain trover, even against the general owner. *Roberts* v. *Wyatt,* 2 Taunt. 268.

3. The taking the hay from the premises by the defendants, and converting it to their own use, when they had knowledge of all the facts, was in fraud of the plaintiff's rights, and case will lie, if trover will not.

4. But, if it should be held that Darling was joint owner of the hay, this action will lie. For, if a joint owner destroys or sells a personal chattel against the consent of the other joint owner, and so as to destroy the joint owner's interest therein, trover or case will lie, both against the one who sells and the one who purchases. *Farrant* v. *Thompson,* 7 E. C. L. 272. *Wilson* v. *Reed,* 3 Johns. 175. *White* v. *Osborne,* 21 Wend. 72. *Mumford* v. *McKay,* 8 Ib. 442. *Farr* v. *Smith,* 9 Ib. 338. *Foot* v. *Colvin,* 3 Johns. 216. *Hyde* v. *Stone,* 7 Wend. 354. *Barton* v. *Williams,* 7 E. C. L. 147. *Ladd* v. *Hill,* 4 Vt. 164. *Rightmyer* v. *Raymond,* 12 Wend. 51. In this case there was a perfect destruction of Hurd's interest in the property.

If land be leased on shares, the lessor and lessee are tenants in common of the crop. *De Mott* v. *Hagerman,* 8 Cow. 220. *Vickery* v. *Taft,* 1 D. Ch. 241.

*D. Roberts, Jr.,* for defendants.

The plaintiff had no property in the hay and oats sued for. The property and right of possession were both in Darling. The written contract between them has already received an interpretation in part in the case *Hurd* v. *Darling et al.,* 14 Vt. 214, where it was held, that, at the time of the alleged conversion, " no portion of this property had vested in Hurd in severalty ;" and it is there

said to be " questionable whether he could be said to be seized of the property as tenant in common." This " questionable" matter is here to be determined.

This contract is in terms and effect a lease from Hurd to Darling for the term of two years,—that is, a contract that the one shall divest himself of the possession, and the other come into it for that time, rendering rents. Bac. Ab., Leases R.. 4 Kent. 85, 95, 96. Termes de la Ley, Leases. *Catlin v. Hayden*, 1 Vt. 375. 2 Bl. Com. 41. 1 Johns. 267. As rent, Darling was to deliver to Hurd one half of the crops, (except that fed to the stock.) Upon such *delivery* to Hurd the part delivered became his, but not before. *Hurd v. Darling et al.*, 14 Vt. 214. *Manwell v. Manwell*, Ib. 14.

Thus this contract differs from an ordinary letting of a field on shares for a single crop, in which case the owner and occupier are tenants in common of the crop. *Bishop v. Doty*, 1 Vt. 37. *Jackson v. Brownell*, 1 Johns. 267, 272.

It follows, then, that Darling, being the owner of the premises for the two years, was the owner of whatever grew upon them during the term; and, having exclusive possession and right of possession of the former, had such possession and right of possession of the latter. No property in the crops, upon their growth, could vest in Hurd by reason of any executory provision in the contract, for, at the date of the contract, the crops were not in existence. *Brainard et al v. Burton et al.*, 5 Vt. 97. *Mucklow v. Mangles*, 1 Taunt. 319.

The refusal of Darling to take care of the stock, even though wrongful, could not vest in Hurd any property in the hay which he had not before, since Darling was still in possession of the premises under the lease. And, if Hurd had no *property* in the hay, no temporary possession, such as that of feeding it to the cattle, could avail him against Darling, who had both the right of property and possession.

The count in trover therefore fails, and the other count, unsupported by any claim of ownership in Hurd, stands simply as a complaint in tort against Darling for selling, and Amedon for buying, Darling's hay, which Darling had agreed to dispose of partly for Hurd's benefit, and partly for his own.

The opinion of the court was delivered by

HEBARD, J. Two questions are presented by the case.

1. Did the plaintiff have such an interest in the hay, that, for its conversion, he can maintain trover ?

2. In case he cannot maintain trover, then can he have a recovery against both the defendants upon the count in case ?

The first question must depend principally upon the written contract. By the contract between the plaintiff and Darling, the farm and other property was leased to Darling for two years, for which, by way of rent, Darling was to deliver to plaintiff on said farm one half of all the crops, except such as should be fed to the stock on the place. This letting the farm, and stipulating for the rent, is all matter of contract, and no more vests the title of these crops, or of any part of them, in the plaintiff, without a delivery, than any other promise to deliver a given quantity or value of property at a specified time and place. If the plaintiff had been the owner of the hay, or of any part of it, there was a sufficient conversion to maintain the action. The case of *Tubbs* v, *Richardson*, 6 Vt. 442, and the case of *Sanborn* v. *Morrill*, decided on the last circuit in Caledonia County, [15 Vt. 700] go upon the ground that a sale by one tenant in common of a chattel of his co-tenants interest, not being a *destruction* of the chattel, was not a conversion. But in this case the hay was actually consumed. On this point the plaintiff must fail for want of any title to the property.

The count in case goes upon the ground, that the defendant Darling, before the expiration of the lease, refused to occupy the premises, or take care of the stock, and that the existence of the contract, the refusal on the part of Darling to fulfil it, and the ownership of the hay by the plaintiff, were facts well known to Amedon,—and the plaintiff thereupon alledges that the defendants, with intent to defraud the plaintiff, took and carried away the hay. How far these facts might be the ground of an action against Darling in this form, it is not necessary to decide. Unless the plaintiff had such an interest in the property that he could maintain an action of trover for it, he cannot maintain this form of action against Amedon. If Darling had the legal ownership of the hay, he might sell it and Amedon might buy it, unless the sale could be

---

impeached for a fraudulent intent to defraud creditors,—and in that case the remedy must be sought in the appropriate action provided by the statute.

The judgment of the county court is affirmed.