RUFUS FROST *v.* SAMUEL H. KELLOGG.

*Landlord and tenant. Letting upon shares. Attachment of property held in common. Dissolution of attachment. Liability of receiptor.*

P. and H. entered into a contract in writing, not under seal, by which P. agreed to let H. have the use of her farm for one year from the first day of April, 1847, and to furnish one pair of horses to do the work on the farm, and stock consisting of three hundred and twenty sheep, and to furnish one half of the seed and pay one half of the taxes, and H. agreed to carry on the farm in a workman-like manner during the term for the consideration of one half of the crops raised on the farm, one half of the actual increase of the sheep at the end of the year, and one third of the wool sheared from the sheep in the summer of 1848, and to furnish half of the seed and pay half of the taxes. And it was held, that H. and P. were tenants in common of the crops, and that H. had an attachable interest in the wool, before severance.

When the interest of one tenant in common in personal property is attached, the attaching officer, after the attachment is dissolved, may relieve himself from liability to the debtor for the property, by delivering it to the co-tenant.

If the property, in such case, be receipted, and be left in the possession of the co-tenant, and be sold by him before the attachment is dissolved, no action can be sustained against the officer, founded upon any liability for the property to the debtor, but the debtor's only remedy is by action against his co-tenant for his share of the avails.

Frost *v.* Kellogg.

When personal property is attached, and is receipted, and judgment is obtained in the suit in which the attachment is made, no action can be sustained against the receiptor, by the officer, founded upon the liability of the officer to the attaching creditor, unless the property have been duly charged in execution.

TROVER for eighty nine fleeces of wool.  Plea, the general issue, and trial by jury, April Term, 1850,—HALL, J., presiding.

On trial the plaintiff gave in evidence a receipt, executed by the defendant, dated July 21, 1848, which was in these words:—" Received of Rufus Frost one third part of the wool that grew on the sheep that are on the place where the widow Pike now lives, (being in the whole about 267 fleeces,) attached on a writ of attachment in favor of Orrin W. Phillips *v.* Horace H. Hurlburt, declaring in damages $80,00, and signed by John G. Newell, justice of the peace, which wool I agree to re-deliver to said Frost, or any legal officer, on demand, or pay the judgment and costs, that may be recovered in the above suit, provided the judgment and cost do not exceed the value of said wool."  The wool was demanded of the defendant by the plaintiff, before the commencement of this suit, and was not delivered to him.  Judgment was rendered in favor of the plaintiff, in the suit mentioned in the receipt, August 7, 1848, and an execution issued and delivered to the plaintiff, August 23, 1848, which was defective, in not being signed by the justice who rendered the judgment, and was excluded by the court.  The plaintiff then proved, that the wool was never returned to Hurlburt, after it was attached.

The defendant then offered to prove, that the wool was the property of Abigail H. Pike;—to the admission of which evidence the plaintiff objected, but the objection was overruled by the court.  It appeared, that Hurlburt carried on the farm of Mrs. Pike from April 1, 1847, to April 1, 1848, under an agreement in writing, not under seal, by which Mrs. Pike agreed to let Hurlburt have the use of her farm for one year from April 1, 1847, and to furnish one pair of horses to do the work on the farm, and stock consisting of three hundred and twenty sheep, and to furnish one half of the seed and pay one half of the taxes, and Hurlburt agreed to carry on the farm during the term, in a workmanlike manner, for the consideration of one half of the crops raised on the farm, one half of the actual increase of the sheep at the end of the year, and one third of the

wool sheared from the sheep in the summer of 1848, and to furnish half of the seed and pay half of the taxes. It was farther agreed, that Mrs. Pike should wash and shear the sheep in 1847, and that Hurlburt should wash and shear them in 1848. The wool in question was sheared from the sheep in the summer of 1848. Hurlburt had made preparation for shearing them, but was forbid doing so by Mrs. Pike, who sheared them herself, and retained the wool, undivided, in her possession. When Hurlburt's share of the wool was attached by the plaintiff, as above stated, the defendant, with the consent of Mrs. Pike, executed the receipt for it upon which this action was founded, without the procurement of Hurlburt, and the wool was left in the possession of Mrs. Pike, who sold the whole within thirty days after the rendition of the judgment against Hurlburt, and without authority from him. It also appeared, that Hurlburt had not managed the farm in a husband-like manner, and had failed to perform several of the stipulations of the lease.

Upon these facts the court decided, that the plaintiff was not liable to Hurlburt for the wool, and rendered judgment for the defendant. Exceptions by plaintiff.

*S. H. Hodges* and *S. Foot* for plaintiff.

There can be no question, but that Hurlburt was, at least, the owner of one third of the wool sheared from Mrs. Pike's sheep,— being that portion attached by the plaintiff. *Hurd* v. *Darling*, 14 Vt. 214. *Aiken* v. *Smith*, 21 Vt. 172. The plaintiff, in making the attachment, so far interfered with the possession of the wool, as to subject him to an action of trespass. He assumed the control over it, and took a receipt for it; and Hurlburt was, by this proceeding, divested of his control over it and his right of possession. Pending the attachment he could maintain no action of trespass, whatever might be done with it, but his sole remedy was against the officer. *Hart* v. *Hyde*, 5 Vt. 328. *Welsh* v. *Clark*, 12 Vt. 681. *Cox* v. *Hall*, 18 Vt. 191. It is clear, that the sale by Mrs. Pike was tortious, and constitutes no such lawful disposition of the property, as would excuse the officer, who attached it, for not restoring it to the owner upon the dissolution of the attachment.

*C. L. Williams* for defendant.

The plaintiff is under no liability to Hurlburt, for he was never

the owner of the wool. By the agreement, he was only entitled to it in consideration of carrying on the farm in a workmanlike manner, —which it appears he did not do; and therefore, as against Mrs. Pike, he was not entitled to the wool.

The agreement between Mrs. Pike and Hurlburt was neither by its terms, or in effect, a lease of the land, or stock. It was a mere hiring of Hurlburt to carry on the place and receive his pay therefor in a particular manner. The land, the stock and all the produce and increase remained in the possession and was the property of Mrs. Pike, and Hurlburt could have no right to any portion of the crops, increase of the stock, or the wool, until they were paid to him by Mrs. Pike. If he had performed every stipulation upon his part, and she had refused to let him have the share that he was to receive, his only action against her would be upon her contract, and not in tort. Mrs. Pike has sold the wool and received the whole benefit of it; and if Hurlburt has a right of action against any one, it is against her.

The opinion of the court was delivered by

REDFIELD, J. We are inclined to believe, that there is nothing in the present case to distinguish it from the ordinary case of letting a farm, by the owner, to one who performs the labor and receives a share of the products of the farm and the stock. And in such cases, the general result of such a contract is, to make the landlord and tenant joint owners of the increment, or tenants in common. I use the terms landlord and tenant, as most convenient to express the relation,—being aware, that the case of a strict tenancy does not perhaps arise.

In this class of cases it has been held, that the parties may, by their contract, vest the property in the increment either in the landlord, or tenant. In *Smith* v. *Atkins*, 16 Vt. 461, it was held, that the tenant had no attachable interest, and the same has been decided in many other cases. *Paris* v. *Vail*, 18 Vt. 277. In *Hurd* v. *Darling*, 14 Vt. 214, they are held to be, at most, tenants in common. Some query is there made, whether, as the tenant there bound himself to *deliver* the crops to the landlord, any title could be said to rest in him, until delivery. But that query is suggested merely upon the construction of that contract, and does not amount even

to a *dictum*,—which, if it did, would be of little value. But the general rule is there declared, that, in such contracts, the landlord and tenant are tenants in common.

In *Brainard et al.* v. *Burton*, 5 Vt. 97, when a farm was let for $50,00, to be paid out of the produce of the farm, and the lessor to have a lien upon the whole, until the rent was paid, it was held, that the lessor had no property in the crops, until his portion was severed. And in *Manwell, Adm'r,* v. *Estate of Manwell,* 14 Vt. 14, a similar doctrine was held. And in *Hurd* v. *Darling,* 16 Vt. 377, it is held, that the lessor had no interest in the crops, until after a severance. Judge BENNETT, in *Aiken* v. *Smith,* 21 Vt. 172, questions this decision. But that surely was not necessary to his purpose. The decision goes upon the construction of that particular contract, and makes nothing either in favor of or against the general principle. That is admitted in all the cases,—as was again very elaborately shown in *Aiken* v. *Smith.* And we think this case must fall under the general rule, that Mrs. Pike and Hurlburt, the debtor, were tenants in common, and consequently Hurlburt had an attachable interest; and if the officer had done nothing with the property to discharge himself, he was liable for a return of the property, after the attachment was dissolved.

But in the present case, it seems to us, the property must be considered as returned to the owners by the defendant, and consequently there was no liability resting upon the plaintiff to either Mrs. Pike, or Hurlburt, and, of course, no remaining obligation on the part of the defendant.

Unless an officer, under such circumstances, could relieve himself from liability, by delivering the property to either of the joint owners, his position is truly critical and embarrassing. He surely has no legal authority to act as a decider between them; and if they will not agree, who shall take the property, he must keep it and stand the consequences. We think he may deliver the property to either joint owner. But as he found it in Mrs. Pike's possession, it was perhaps more suitable, that it should be delivered to her.

As the attachment was clearly legal and valid, as against Hurlburt, and continued in force until the property was sold by Mrs. Pike, we do not see, how he can have any action against any one, except against his co-tenant, for his share of the avails.