WILLIAM P. BRIGGS *v.* DANIEL BENNETT AND OTHERS.

*Reference. Issue. Landlord and Tenant. Trespass.*

Under the practice in this state, it is understood, that when the case is referred, this will allow the plaintiff to present any case, which he could have shown in court, either on his first declaration, or any declaration, which it was competent for the court to allow him to file.

If a tenant by departing from his contract, and putting the property to a different use, is guilty of such an abuse as forfeits his estate, and revives the right of the landlord or general owner to immediate possession; this will enable the landlord or general owner to maintain trespass for any interference with the property by a stranger, after the tenancy is so determined.

TRESPASS for taking and driving away twenty-five yearlings. The case was referred under a rule of court to referees, who reported in substance :    That the plaintiff leased to one Jonathan and John G. Taggart, a farm in Richmond, with the tools and stock thereon, for two years, from April first, 1849, and referred to a certain written lease between plaintiff and one Stearns. That by the contract between plaintiff and the Taggarts, the cows put on the farm were to belong to the plaintiff till the Taggarts paid for one half of them.   That the Taggarts were to raise twenty-five calves from the cows on the farm, each party to own one-half of them.

The Taggarts took possession of the farm, and carried it on from April first, 1849, under the lease ; the said Jonathan Taggart died in August, 1850, and in October the plaintiff was appointed administrator, and as such went into possession of the farm and stock jointly with said John G. Taggart, who was a son of the said Jonathan.

That on or about the 4th day of November, 1850, the said John G. Taggart, without the. knowledge or consent of plaintiff, sold to Bennett and Shepard, two of the defendants, an undivided one-half of the twenty-five yearlings, which were calves in the spring of 1849, and had been raised on the farm by said Taggarts, and delivered them to said Bennett, who drove them from the farm to his own field. That a few days after the plaintiff took possession of the yearlings, and drove them back to the farm, that they remained in the possession of the plaintiff till the 24th day of November, 1850, when said Bennett demanded possession of them, and upon plaintiff's refusal to deliver up possession of them, said Bennett and the other defendants, with force and violence, and after a severe contest with the plaintiff, took possession of the twenty-five yearlings, and beat and injured the cattle somewhat in driving them away, and drove them away and sold them. That *this taking away of the cattle was the trespass complained of.*

The referees found, that good husbandry, and the proper and profitable management of the farm and stock, required that the calves should be kept and raised on the farm till the expiration of the lease ; also that it was understood between the plaintiff and said Taggarts, that the twenty-five calves were to be raised for the purpose of supplying, with these calves the places of such animals as might die or be sold off the farm, and for stocking the farm.

That though there was no express agreement, still there was an implied agreement, and an obligation between the parties, that the calves should be raised and kept on the farm till the expiration of the lease ; and that as between the plaintiff and the Taggarts, neither party could remove the calves from the farm during the lease without the consent of the other.

The referees decided that said Bennett, by this purchase of said John G., took the yearlings, subject to the same conditions upon which said John G. held them, i. e.: that they should re-

main upon the farm till the expiration of the lease; and that taking them from the possession of the plaintiff, and from the farm by force, and against the will and resistance of plaintiff, was unlawful and tortious; and that plaintiff can sustain this action of trespass against the defendants.

For a more full statement of the facts in this suit, see the case of *Briggs* v. *Oaks*, reported in this volume.

The court rendered judgment on the report for the plaintiff. To which the defendants excepted.

*Geo. F. Edmunds* for defendants.

*Wm. P. Briggs* and *Peck & Bailey* for plaintiff.

The opinion of the court was delivered by

REDFIELD, Ch. J. We are not aware that any different principle is involved in this case, from that decided in the same *plaintiff* v. *Oaks.*

I. If the form of action was misconceived, that will not be fatal to plaintiff's right to recover upon the report in his favor, inasmuch as it was the case referred, which will allow the plaintiff to present any case which he could have shown in court, either on the first declaration, or any which it was competent for the court to allow him to file. And as the power of amendment extends even to the changing the form of action; if case is the proper form of declaring, it was competent for the county court, to have allowed the plaintiff to substitute that form of declaring.

And in addition to that, the Legislature, at its last session, enacted, that in any suit for trespass, pending in any court in the state, the court might, on the application of the plaintiff, allow him to join counts in case, which would clearly apply to the present case. So that if we should reverse the judgment on the ground that such was not the law at the time of the judgment in the county court, we should only have to remand the case for them to proceed with it according to law, or ourselves enter up judgment according to the existing law.

II. And according to the view taken in the case of Oaks, the tenant John G. Taggart, by departing from his contract, and putting the property to a different use was guilty of such an abuse,

as forfeited his estate, and revived the right of the general owner to immediate possession, and will thus enable him to maintain trespass for any interference with the property by a stranger, after the tenancy was determined.

Judgment affirmed.