HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

JOSEPH G. GRAY *v.* S. G STEVENS AND A. REDWAY.

*Landlord and tenant. Trespass. Damages.*

The lessor of a farm, who stipulates in his lease that the crops shall be consumed on the place and remain his property until certain conditions are performed, may, if a portion of the crops are sold by the lessee, and removed from the farm in violation of the stipulation, sustain an action of trespass against the lessee and the purchaser who removed them.

2

The purchaser, though he acts innocently, and in ignorance of the lessor's rights, will be equally liable with the lessee. The lessee stands in no such relation that he can convey any greater right to the property than he himself possesses.

The rule of damages in such case is the value of the property removed.

TRESPASS for taking a quantity of hay and straw. Plea, the general issue; trial by jury, March Term, 1855,—POLAND, J., presiding.

The plaintiff's evidence tended to prove that in April, 1852, he leased his farm to the defendant Stevens until the first day of April, 1853, for which Stevens was to pay $140, rent. The plaintiff was to put on and did put on to said farm six cows; and all the hay and straw raised on the farm was to be foddered out thereon, and was all to be and remain the property of the plaintiff until the end of the term, and until all the conditions of the contract were performed by Stevens. Stevens was to put on cattle enough, with those of the plaintiff, to consume all the fodder as near as they could calculate, and if there was any surplus left, of one and a half or two tons, the plaintiff was to have it, provided he would pay as much as anybody else. Stevens entered into possession under this lease. In November the rent for the farm was fully paid; and about the 25th of December, Stevens then being on the farm, and the plaintiff's six cows there also, all the hay and straw on the farm was attached, as Stevens' property. Stevens continued to feed out the hay to the stock till about the 16th of February, when all of said hay and straw was sold at public auction by a legal officer, as the property of Stevens, except the hay and straw now in controversy, which was reserved by the officer, as the debtor's exemption under the statute. The plaintiff's evidence also tended to prove that Stevens, soon after the auction sale, sold all the hay and straw, so reserved to him, to the defendant Redway, and received his pay therefor; and that about a week after the sale said hay and straw was removed by Redway, and that he was assisted by Stevens in making the removal; and that Redway knew of the plaintiff's interest in the hay at the time of making his purchase.

The evidence on the part of the defendants, tended to show that by the terms of the letting, it was agreed between them that all the hay and fodder raised by Stevens on the farm should be fed

out thereon, but that there was no agreement that the same should be the property of the plaintiff until said contract should be fulfilled by Stevens, as the plaintiff claimed.   The evidence of the defendants also tended to prove that at the sheriff's sale the hay was bid off, partly by Redway, and partly by one Mallory, and that the plaintiff bid off a quantity of straw which was sold by the sheriff; that the defendant Stevens sold the hay and straw that was reserved to him by the officer not to Redway but to Mallory, and that Mallory exchanged with Redway and took the hay Redway had bid off and let Redway have that he had purchased of Stevens.   The hay and straw, which had been sold by the sheriff, had not been removed by the purchasers, but was in the plaintiff's barn when the hay in controversy was removed, and there was enough of it to have kept out the plaintiff's cows.   The defendant's evidence also tended to show that Redway had no knowledge of any claim on the hay and straw, except such as Stevens admitted, that is, his agreement that the same should be fed out on the place.

It was conceded that this suit was commenced in the night after the hay and straw was removed, and it was admitted that Stevens had properly fed and cared for the plaintiff's cows up to that time.

The defendant's counsel requested the court to charge the jury that trespass could not be sustained against either defendant, as Stevens was a co-tenant, or at least a bailee with a beneficial interest, and there had been no destruction of the property, as Stevens had a right to the possession and control of the hay and straw and to feed it to his own stock.   Second, that Stevens, from his relation to the property, had such a right that *bona fide* purchasers from him would be protected.

But the court declined to charge as requested, and did charge, among other matters not objected to, that if the jury found the contract to be as the defendants claimed, a mere agreement by Stevens that the hay and fodder was to be fed out on the place, then the plaintiff could not recover; but that if they found that by the contract between them, all the hay and straw was to be and remain the property of the plaintiff, until Stevens should fully perform his part of the agreement, then the plaintiff was entitled to recover the value of the said hay and straw.

Verdict for the plaintiff.   Exceptions by the defendant.

*Merrill & Willard* for the defendants.

*J. A. Wing* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The leading question in this case, *i. e.* whether the action of trespass will lie, seems to us expressly decided in the late cases of *Briggs* v. *Oaks, same* v. *Bostwick,* 26 Vt. 138 and *same* v. *Bennett* 26 Vt. 146. These cases were extensively discussed at the bar; and the opinions contain all the argument which I could now offer, and which it is not important to repeat here. The case of *Farrant* v. *Thompson,* 5 Barn. & Ald. 826, had been adopted by this court in *Swift,* v. *Mosely* 10 Vt. 208, where it was decided, that if the tenant of personal property, sold the same during the term, he thus determined his tenancy and forfeited all right in the property; and the general owner might sue either the tenant who sold the property or the purchaser, in trover, and by parity of reason, in trespass. But in the late cases referred to, we decided that the lessor of a farm who stipulates, either expressly or by reasonable implication, to have the general property in the crops, and that they should be consumed upon the farm, or if the same stipulation was made in regard to other property put on the farm, or raised there, as that it should be kept there during the term, and the tenant, in violation of such stipulations, sold the same and suffered the property to be removed from the farm, all his right and interest therein was determined, and the lessor might recover for it, in trespass, against all consenting to, or aiding in the removal. The same general principles are held in *Smith* v. *Atkins,* 18 Vt., 461. We also substantially adopted the principles of the case of *Lewis* v. *Lyman,* 22 Pick. 437, in the case of *Briggs* v. *Oaks.* The difference between the foregoing cases, and that of *Hurd* v. *Darling,* 14 Vt; S. C., 16 Vt., arises altogether from the difference in the contracts in the cases, and the construction the court gave to them. That the contract in the case of *Hurd* v. *Darling,* was fairly susceptible of the same construction we give the present contract, or which we gave the contract in *Smith* v. *Atkins,* is undoubtedly true; but the contracts were very far from identical, and altogether susceptible of the different construction put upon them. But it is certain the later cases incline

very strongly to the rule which we here adopt, and it is undoubtedly the safer and surer rule, both for landlord and tenant. .

II. It is certain that the defendant Redway could derive no more right from Stevens than Stevens had, however innocently he might have acted. Stevens stood in no such relation to the plaintiff, as would enable him to convey more title than he himself possessed, which was only to have the hay fed out upon the farm.

III. The rule of damages was fair enough, as it seems to us. The plaintiff had a right to have all the hay fed out upon the farm, or as nearly as the stock could be calculated in proportion to fodder, leaving all doubts in favor of having less stock than fodder, and the small residue of the hay the plaintiff had the right to purchase upon certain terms. Under this state of the contract, the plaintiff was not bound to adopt a different rule of settling the transaction, nor, when defendant had suffered a large quantity of hay to be sold upon execution against him, was plaintiff bound first to sue the sheriff and recover what he could of him. He might sue any one, and every one, who intermeddled with the hay, contrary to the terms of the lease, and the plaintiff's rights under it.

The case seems to have been correctly tried, and the judgment is affirmed.