## HENRY M. BATES v. PERRY MARSH.

### Tenant in common.          Trover.

If one having no interest in, or possession or control of a chattel, owned by two others in common, sell an undivided half of it to one of the owners, who thereupon carries it out of the State, the other tenant in common cannot maintain trover against such third person in consequence of such sale.

TROVER for an undivided half of a piano forte. Plea the general issue and trial by jury at the September Term, 1859,— BARRETT, J., presiding.

It appeared that one Churchill, who was the real plaintiff in interest, purchased the piano in question of one Chase, who had owned it in partnership with the defendant, but who by an arrangement with the defendant in relation to the settlement of their partnership affairs, became the sole owner thereof, and that this purchase was made by Churchill of Chase, with the defendant's knowledge and consent; that Churchill thereupon took possession of the piano; that afterwards one undivided half of the piano was sold on execution against Churchill to one Kellogg, in whose possession it had previously been placed by Churchill; and that subsequently the defendant, without having possession or control of the instrument, sold one undivided half of it to Kellogg for twenty-five dollars, and that Kellogg thereafter carried it out of the State.

The plaintiff's interest in the piano arose from a pledge of one undivided half of it, as security for a debt against Churchill, made by the latter to him after the execution sale of the other half to Kellogg, but prior to the sale by the defendant to Kellogg.

Upon these facts the county court pro forma directed a verdict for the defendant, to which the plaintiff excepted.

J. A. Wing, for the plaintiff.

T. P. Redfield and Dillingham & Durant, for the defendant.

REDFIELD, Ch. J. This is an action of trover for a piano. The plaintiff claims to recover the value of one undivided half of the instrument, on the ground that the defendant, after having sold the whole instrument to him, or allowed his partner to do it

asserted title to one half of it, and after the plaintiff had trans-ferred one half of the instrument to one Kellogg by means of a sale or execution against himself, the defendant sold one half of it to Kellogg and he carried the instrument out of the country.

This is the only evidence of conversion by the defendant. And it seems to us not sufficient. It is well settled in this State that the sale of the whole property to a stranger, by one tenant in common is not a conversion ; *Tubbs* v. *Richardson*, 6 Vt. 442.

We do not see how the purchase of the claim of a stranger to one half by the co-tenant should be any more a conversion than a sale by the co-tenant. It is less of an assertion of an independent right of control, perhaps ; certainly it is not more so. It is not claimed that the sale to Kellogg is a conversion by him. This must be upon the ground that he did no more in regard to the property than he had a right to do independent of that purchase. A legal act does not become a wrong, because it was done under a false claim. If so a sale of the whole chattel by one co-tenant must also amount to a conversion. But it does not, because it only transfers the claim of one co-tenant, leaving the right of the other unaffected.

So also in the present case ; as Kellogg had the right to use the piano and to carry it off, his purchasing the right of the defendant did not render him a wrong doer.

And if Kellogg was not a wrong doer, no more could the defendant be, since he did not actually intermeddle with the property, but at most was accessory to the act of Kellogg, and if that were justifiable, so also was the defendant's act, in counselling or encouraging him in doing it. And that is the most which could be claimed. And it does not very distinctly appear that the defendant's sale to Kellogg had an influence in inducing him to carry off the instrument.

The defendant's sale was a mere assertion of title, without just right, and the transferring of that false claim to one who before had perfect right to do all that he did do. We think this cannot, in any sense, amount to a conversion. Had the defend-ant sold to a stranger and he carried off the property, the case would have been very different.

Judgment affirmed.