AMOS WILLMARTH *v.* ALFRED PRATT.

*Landlord. Tenant. Trespass, when sustainable before the Termination of the lease.*

A landlord, renting his farm "at the halves or on shares," reserving a lien on the crops as security for the performance of the agreement in the lease, can maintain trespass, *before the termination of the lease,* against the tenant, who, in violation of the provisions of the lease, sold the crops, when he was indebted under the lease.

TRESPASS for the conversion of wheat, oats, and pork. Plea, general issue. Heard by the court, December Term, 1883, POWERS, J., presiding. Judgment for the plaintiff. The case is stated in the opinion of the court.

*George W. Grandy,* for the defendant, cited *Hurd* v. *Fleming,* 34 Vt. 169.

*James M. Slade* and *Stewart & Wilds,* for the plaintiff, cited *Briggs* v. *Oaks,* 26 Vt. 138; *Gray* v. *Stevens,* 28 Vt. 1; *Cooper* v. *Cole,* 38 Vt. 185; *Bellows* v. *Wells,* 36 Vt. 599.

The opinion of the court was delivered by

TAFT, J. The defendant leased the plaintiff's farm for one year ending on the 16th of March, 1883, "at the halves or on shares." The lease contained a stipulation that no property owned by them equally should be sold without the consent of both, and that all produce raised on said farm should be and

remain the property of the plaintiff, as a lien for the faithful performance of the agreements and stipulations of the lease. The oats, wheat, and pork in controversy were raised on the farm under the lease; and the defendant sold them in February, 1883, without the plaintiff's consent and retained the price to his own use. This action is in trespass and was brought before the year expired.

At the time of the sale the defendant was owing the plaintiff three hundred dollars in respect to the lease.

The only objection made to a recovery is that trespass will not lie; and this depends upon whether the plaintiff at the time the action was brought was entitled to the possession of the property. The general ownership of it was in the plaintiff; it was made so by the terms of the lease, and the defendant had no right to sell it. It is true, he had the right to its possession so long as he kept within the terms of the lease. But when in violation of his contract he sold the property, without right, his acts became tortious, his rights were terminated, and the plaintiff became entitled to its immediate possession, and could maintain trespass to recover it. This was so ruled in *Briggs* v. *Bennett*, 26 Vt. 146, and *Gray* v. *Stevens et al.*, 28 Vt. 1. The case of *Hurd* v. *Fleming*, 34 Vt. 169, relied upon by the defendant's counsel, is not in point. In that case the tenant had done nothing to forfeit his rights as bailee; and it was rightly held that the lessor could not maintain trespass against one attaching the property as that of the tenant, for the lessor was not entitled to the possession, the tenant not having forfeited it.

Judgments affirmed.