CHARLES McLELLAN v. GEORGE S. WHITNEY.

ORLEANS COUNTY, 1893.

Before : ROWELL, START AND THOMPSON, JJ.

*What is a letting upon shares.*

Where a lease provides that the lessee shall pay by way of rent " the annual sum of one-half the income of said farm," the letting is not upon shares and the lessor has no lien on the crops as against the creditors of the lessee.

Trover for a quantity of oats. Plea, not guilty. Trial by jury at the February term, 1893, Ross, CH. J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiff was the owner of a farm which he had leased by written instrument to one Chamberlain. The oats in question were raised on this farm and the plaintiff's only title to them was under the written lease. The defendant offered to show that he attached and sold the oats on an execution against Chamberlain, but the court excluded the evidence under the defendant's exception, and directed a verdict for the agreed value.

The material part of the lease, after the description, was as follows :

" To have and to hold the aforesaid premises, with all the privileges and appurtenances thereof, to the said Asa A. Chamberlain, his executors, administrators and assigns, from the 15th day of March, A. D. 1890, for and during the term of three years then next ensuing, provided, if said Mc-

Lellan should wish to sell said premises and the above parties could not agree, they are to leave it to men they may select to say how they shall settle, if before the expiration of this lease.

" In consideration whereof the said A. A. Chamberlain doth hereby agree to use and manage said premises in a good husband-like manner, and will pay to the said Charles McLellan, his executors, administrators and assigns, as rent, the annual sum of *one-half the income of said farm*, and said Chamberlain is to pay one-half the taxes on said farm and stock. All grain raised on said place to be fed out there, and what feed they may buy is to be paid for out of the undivided profits of said farm, said McLellan to furnish one-half of seed grain and all the grass seed."

*E. A. Cook* for the defendants

The plaintiff had no right to the immediate possession of these oats and cannot maintain trover. *Manwell* v. *Manwell*, 14 Vt. 14 ; *Hurd* v. *Darling*, 14 Vt. 214 ; *Hurd* v. *Darling et al.*, 16 Vt. 237 ; *Walworth* v. *Jenness*, 58 Vt. 670.

*W. W. Miles* for the plaintiff.

The written instrument created a letting upon shares. *Aiken et al.* v. *Smith*, 21 Vt. 172 ; *Bishop* v. *Doty*, 1 Vt. 37.

The opinion of the court was delivered by

THOMPSON, J. The decision of this case depends upon the construction to be given to the written contract between the plaintiff and Chamberlain. By this contract the plaintiff leased the farm and personal property to Chamberlain for three years, subject only to plaintiff's right to sell the premises during that time. Under this lease Chamberlain went into the exclusive possession and occupancy of the farm and personal property, and was in the possession

thereof at the time the defendant took the oats.　This was not a letting upon shares, but was a leasing of the property for an annual rent to be equal in amount to one-half the annual income of the farm, however derived.　The plaintiff reserved no right, during the term, in the farm or its products, nor any lien thereon, and, under the lease, he could not demand that the rent should be paid in the specific products of the farm.　If the lessee sold the products of the farm and received the money therefor he would only do what he had a right to do under the lease.　One-half the income he thus received he would. owe the lessor as rent at the end of the year.　The contract was a lease of the land, and the entire title to the crops grown during the term was in Chamberlain.　This is a much stronger case for thus holding than *Hurd* v. *Darling*, 16 Vt. 377, where the lessee was to deliver to the lessor one-half of all the crops, except those fed to the stock, by way of rent, and in which this court held that, prior to delivery, the lessor had no title to the crops, or any part of them, grown during the term.　It is true that in *Aiken* v. *Smith*, 21 Vt. 172, the court criticised *Hurd* v. *Darling* somewhat, but, as the court remarked in *Frost* v. *Kellogg*, 23 Vt. 308, it was not necessary for the decision of that case.　In *Gray* v. *Stevens*, 28 Vt. 1, the court say that the contract in *Hurd* v. *Darling* was susceptible of the construction put upon it.　The difference in the cases growing out of the letting of farms arises altogether from the difference in the contracts in the cases and the construction put upon them by the courts, and not from the adoption of different principles by the court in cases practically alike.

The provision in plaintiff's lease to Chamberlain, that the grain raised on the place should be fed out on it, vests no title in the grain in the plaintiff, nor does it afford him any ground for recovery in this action.　In *Gray* v. *Stevens*, *supra*, the county court charged the jury that a mere agree-

ment by the lessee to feed out the hay and fodder on the place would give the lessor no ground for recovery for the hay as against the lessee or a purchaser from him, and this court said the case was correctly tried below.

The plaintiff having no title to nor possession of the oats, cannot maintain this action.

This view of the case renders it unnecessary to pass upon the other questions raised by the exceptions.

*Judgment reversed and cause remanded.*